No. 2608.

MODESTO GRANGER *v*. THE STATE.

MANSLAUGHTER—AGGRAVATED ASSAULT—CHARGE OF THE COURT.—See the opinion and the statement of the case for evidence adduced on a trial for assault with intent to murder *held* not to demand of the trial court a charge upon the law of manslaughter, or upon the law of aggravated assault.

APPEAL from the District Court of Webb. Tried below before the Hon. J. C. Russell.

The conviction in this case was for an assault with intent to murder one Espiralon Devolino, and the penalty assessed was a term of two years in the penitentiary.

But two witnesses testified upon this trial, both appearing for the State. They testified, in substance, that they and Devolino, the alleged injured party, were engaged in a game of cards, at the saloon of one DeLeon, in the city of Laredo, Texas, on the night of June 12, 1885. The stakes wagered were checks representing the price of a glass of beer. While thus engaged, the defendant entered the saloon and took one of Devolino's checks. Devolino asked him why he took it. He replied that he took it to pay for a drink. Devolino replied that he, defendant, had no right to take the check, and had better go to work and earn his

drink checks, and not persist in "making his living at the sacrifice of his mother." Thereupon the defendant passed behind the counter of the saloon, secured a pistol, returned, pointed it towards Devolino and fired. The ball missed Devolino's head, and buried itself in the wall of the house. Devolino threw. a chair into the middle of the room and fled. Defendant then surrendered the pistol to the bar tender.

No brief for the appellant.

*W. L. Davidson*, Assistant Attorney General, for the State.

HURT, JUDGE. This was a conviction for an assault with intent to kill and murder. A single question is presented for review: Did the charge require a charge on manslaughter, and hence on aggravated assault?

The prosecuting witness was engaged in playing a game of cards in a saloon. Appellant entered, went up to the table and picked up a chip belonging to the witness, one Devolino. Being asked by witness "why he did that?" appellant replied, "I am going to pay for a drink with the chip." Witness replied, "you have no right to do so; you always get your drinks that way; you had better go to work, and not make your living at the sacrifice of your mother." Appellant then walked to the counter and took up a pistol, made a step towards the table and fired at witness. This is the prosecutor's account of the affair, and he is corroborated by all the witnesses. The bar tender, however, states that the witness as to the material facts, Devolino, told appellant that he "ought to go to work for his drinks, and not get his living at the sacrifice of his mother."

Certainly it can not be contended that this was insulting language towards appellant's mother. He had no reasonable ground to, and could not put such construction on this language.

There was no error in failing to charge the law of manslaughter and aggravated assault. The judgment is affirmed.

*Affirmed.*