## COLONEL WAGNER V. THE STATE.

*No. 1121. Decided November 27th, 1895.*

35 255
35 631
38 145

**1. Evidence—Bills of Exception—Practice on Appeal.**

Supposed errors of the court with regard to the admission and rejection of evidence will not be considered on appeal, where no bills of exceptions were reserved to the rulings.

**2. Assault With Intent to Murder—Accidental Shooting—Charge.**

On a trial for assault with intent to murder, where it appeared that defendant was the husband of the injured woman; that they were alone in the room when the shot was fired; that defendant, as a witness, testified, that the shooting was accidental; a charge of the court which instructed the jury that they should acquit if they had a reasonable doubt as to whether the pistol was discharged accidentally, was correct, and a direct application of the law to that phase of the case.

**3. Same—Defining an Assault.**

On a trial for assault with intent to murder, it is unnecessary for the charge of the court to define what an assault is, when it in effect instructs the jury, that if defendant intentionally and unlawfully, with malice aforethought, shot the alleged injured party with a pistol with intent to kill him, he would be guilty of an assault with intent to murder.

**4. Assault With Intent to Murder—Form of Charge Commended.**

See statement of the case for a form for a charge upon assault with intent to murder, which is held to embrace every element of the offense, and recommended as a form under similar facts:

APPEAL from the Criminal District Court of Harris. Tried below before Hon. E. D. CAVIN.

This appeal is from a conviction for assault with intent to murder, wherein the punishment was assessed at two years in the penitentiary.

The parties to the shooting were negroes, man and wife. When the shot was heard by outsiders they went into the room, found defendant and his wife alone in the room, and the woman was shot. She said, she had prepared to go to church; that defendant told her not to go, and that as she attempted to pass out of the door, defendant shot her.

Defendant, as a witness, testified, that the shot was accidental. The court's charge to the jury was as follows: "Malice aforethought means the intentional and voluntary doing of a wrongful and unlawful act with the intent, means and ability to accomplish the reasonable, natural and probable consequences of such act, and in a manner showing a heart regardless of social duty and fatally bent on mischief. If you believe from the evidence that at the time and place mentioned in the indictment, the defendant, acting with malice aforethought, did unlawfully and intentionally shoot, or shoot at Hattie Wagner with a pistol with the intent to kill her, within carrying distance, and that the pistol was, as used, a weapon reasonably and probably calculated to kill, then find the defendant guilty as charged in the indictment, and assess his punishment by confinement in the State penitentiary for not less than two nor more than seven years. If you have a reasonable doubt as to whether the pistol was discharged accidentally, then find defendant not guilty. The defendant is presumed to be innocent until his guilt is established by the evidence to your satisfaction beyond a reasonable doubt, and unless the evidence in this case so satisfies you, then find him not guilty. You are the exclusive judges of the credibility of the witnesses and the weight of the evidence, and by your conclusions thereon, you will determine your verdict."

*Thompson & Carter*, for appellant.

*Mann Trice*, Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Appellant was convicted of an assault with intent to murder, and his punishment assessed at two years' confinement in the penitentiary. From the judgment and sentence of the lower court he prosecutes this appeal. The indictment in this case is in the usual form, charging appellant with an assault with intent to kill and murder, and is sufficient. The supposed errors of the court in regard to the admission and rejection of testimony cannot be revised, because no bills of exception were reserved to the rulings of the court. Appellant was the husband of the prosecutrix, the woman who was shot. She and her husband were in the room together, no other person being present.

Witness went to the scene of the shooting immediately afterwards, and found them there, and the woman wounded. Appellant contends, and so testified, that the shooting was accidental, and complains of the court's charge in regard to this matter. The court instructed the jury that, if they had a reasonable doubt as to whether the pistol was discharged accidentally, they should acquit the appellant. The court's charge was correct, and a direct application of the law to this phase of the case. It is also contended that the charge is defective because it does not define an assault. The court charged the jury that, if appellant intentionally and unlawfully, with malice aforethought, shot Hattie Wagner with a pistol, with intent to kill her, he would be guilty of an assault with intent to murder. It cannot be questioned that, if this be the case, appellant would be guilty of an assault with intent to murder. There was no necessity, under the facts of this case, of defining an assault. Every element of an assault was embraced in the charge of the court, and we recommend this form of charge under such a state of facts as this. In this case the parties were in a few feet of each other. The prosecutrix was shot. The question of ability to commit a battery was not in this case. The appellant could not have shot his wife with intent to kill, with malice aforethought, without intending a battery, and committing a battery. The violence was unlawful. Hence, as we have said above, all the elements of an assault and battery were included in the charge. The evidence is amply sufficient to show that this shooting was intentional, and no accident. The judgment is affirmed.

*Affirmed.*