## D. P. MOORE v. THE STATE.

### No. 3875. Decided December 4, 1907.

#### Rehearing Feb. 26, 1908.

**1.—Assault to Murder—Charge of Court—Manslaughter—Aggravated Assault.**

Where upon trial for assault with intent to murder the defendant's own statement was that he shot in self-defense at the prosecutor, and the issue of aggravated assault was not raised by the evidence, there was no error in the court's failure to charge on manslaughter or aggravated assault.

**2.—Same—Charge of Court Must be Treated as a Whole.**

Where upon trial for assault with intent to murder the evidence showed for the State an unwarranted deadly attack upon the party injured, and for the defense, mistake and self-defense, and the court charged on the issue of self-defense in one part of his charge, and then also charged the jury that if defendant with a deadly weapon and with specific intent to kill assaulted the injured party he would be guilty of assault with intent to murder, although he intended to assault another party with the same intent, there was no error; it was not necessary to reiterate in this charge the issue of self-defense.

Appeal from the District Court of Brazoria. Tried below before the Hon. Wells Thompson.

Appeal from a conviction of assault with intent to murder; penalty, two years confinement in the penitentiary.

The opinion states the case.

*Munson & Munson,* for appellant.—On the question of the court's failure to charge on manslaughter and aggravated assault: Williams v. State, 43 Texas, 382; Lundy v. State, 48 Texas Crim. Rep., 217; 87 S. W. Rep., 352; Gilcrease v. State, 33 Texas Crim. Rep., 619; 28 S. W. Rep., 531; Dixon v. State, 51 Texas Crim. Rep., 555; 103 S. W.

Rep., 399; Sowell v. State, 32 Texas Crim. Rep., 482; Venters v. State, 83 S. W. Rep., 832; Hawthorne v. State, 28 Texas Crim. App., 212; Reyes v. State, 48 Texas Crim. Rep., 346; 88 S. W. Rep., 245; Taliaferro v. State, 40 Texas, 528.

*F. J. McCord,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted of assault to murder and his punishment assessed at confinement, for two years, in the penitentiary.

We find no bills of exception in the record. Appellant's first insistence is that the court erred in failing to define manslaughter to the jury, and to submit aggravated assault. The facts in this case show that Tom Smith, the injured party, was riding along the road at night and passed appellant who was walking. As he passed, appellant spoke to him saying, "Who are you?" prosecuting witness answered, "You know who I am," and rode on. After he had passed appellant some feet, appellant holloed to him and said, "Go to hell, you son-of-a-bitch." The injured party rode back and asked the appellant what he meant by calling him a son-of-a-bitch. Appellant replied he was mistaken in the man. The injured party rode on and when he had preceded appellant some forty or fifty yards, appellant shot him with buckshot. The balls all entered the back of the head and body. The above is the State's statement of the case.

Appellant's statement of the affair is as follows: That he was walking along the road going home when the injured party passed him and appellant holloed and said, "You did not tell me who you are," when Smith replied, "You son-of-a-bitch, I have not got time to fool with you." Appellant replied, "Damn you then, go on to the creek." When appellant made this statement, the injured party turned, came back to the defendant and said, "You son-of-a-bitch I will kill you," drawing his pistol. Defendant replied, "I mistook you." After the injured party rode off, the defendant said, he thought he had better load his gun to protect himself and he put two buckshot shells in the same, and he says that it appeared to him that the injured party was starting back towards him, when he drew his gun and fired; that he thought it was a negro. The proof shows, however, that it was a moonlight night and appellant and injured party were well acquainted with each other.

This being the state of the record we do not believe the court erred in failing to charge on manslaughter, or aggravated assault, since appellant's own statement shows that he shot in self-defense which the court properly charged upon, presenting every phase thereof. The State's case and the physical facts, show that he did not shoot in self-defense, and, hence the issue of aggravated assault was not in the case.

The next ground of the motion for a new trial is that the court erred in the following charge: "If you believe from the evidence beyond a reasonable doubt that defendant intended to make an assault with a

deadly weapon upon a negro with the specific intent to kill him, but that he made a mistake as to the identity of the person he intended to assault and that he otherwise made the assault on Tom Smith with the specific intent to kill him, then you are charged that the defendant would be guilty of an assault with intent to murder the same as if the assault had been made upon the negro." He insists that this charge is erroneous in that the court does not qualify same and make the guilt of appellant depend upon the fact that he was not acting in self-defense. The charge must be treated as a whole. When so examined, we find that the court properly, as stated above, charged on self-defense and no possible injury could have accrued to appellant in the omission of said statement in the above criticised charge. Appellant does not complain of the charge on self-defense. In fact, no just criticism could be made thereon. We find no error in this record and the jury were amply warranted in the verdict rendered.

The judgment is affirmed.

*Affirmed.*

Henderson, Judge, absent.

[Rehearing denied February 26, 1908.—Reporter.]