## ROMEO HARDING v. THE STATE.

### No. 811. Decided November 16, 1910.

**1.—Assault to Murder—Charge of Court—Aggravated Assault.**

Where, upon trial of assault with intent to murder, the State's evidence showed a deadly assault by the defendant with a shotgun on the injured party, and the defendant's testimony denied the whole transaction, there was no error in the court's failure to submit aggravated assault.

**2.—Same—Evidence—Practice in District Court.**

Where State's counsel's question as to whether witness had testified for the

defendant many times before was properly excepted to by defendant, and objections sustained by the court, there was no error.

Appeal from the Criminal District Court of Harris.    Tried below before the Hon. C. W. Robinson.

Appeal from a conviction of assault with intent to murder; penalty, ten years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*John A. Mobley,* Assistant Attorney-General, for the State.

McCORD, Judge.—The appellant was indicted, tried and convicted of an assault with intent to murder and his punishment assessed at confinement in the penitentiary for ten years.

In the trial of the case Charlie Davis took the stand and testified that he was working in Mrs. Lamanna's store, in the city of Houston, Harris County, Texas, on the 19th day of April, 1909; that on the night of that day defendant came to the store about eight o'clock and bought a cigar from witness and started to go out when witness Davis reminded him that he had not paid for it; that defendant protested that he had; that while the witness and defendant were disputing about it, Mrs. Lamanna said, "Let it go; don't have any trouble about a nickel;" that defendant then said, "All right, I will pay you, but I will see you again;" that the defendant left the store and returned in about a half or three-quarters of an hour; witness Davis was standing out on the steps by the door of the store when the defendant approached toward the store from behind the telephone pole pointing a shotgun at the witness; that defendant immediately opened fire on the witness Davis, the first shot striking him in his right leg. The witness Davis started to run in the store and fell on the floor; that the defendant followed him on into the store and shot him again in the left leg. Witness Davis managed to crawl around behind some boxes and defendant shot once or twice more. The witness said he crawled around behind the icebox and it was dark there; that the defendant ran out then and went off and was not captured until two or three months thereafter. The witness Davis positively identifies the defendant as the party who did the shooting. Allen Smith substantiates the testimony of Davis as to the occurrence. Laura Conners also substantiates the testimony of this witness. These witnesses all positively identify the defendant as the man who did the shooting. They had seen him and known him before this. He admitted that he went into the store to buy a cigar and details the conversation that occurred between him and Davis about the payment for the cigar about as Davis tells it. He says he left and never came back, and positively denies being the party who fired the shot, and states that he was not there when it occurred. Under this state of

facts the appellant complains that the court should have submitted to the jury aggravated assault. We are of opinion that the facts do not call for a charge upon aggravated assault and the court below did not commit error in not submitting this issue to the jury. No complaint is made of the charge of the court as to any errors other than this.

We find in the record a bill of exceptions to the action of the district attorney in asking Melissa Dixon, a witness for defendant, the following question: "Is it not a fact that you were a witness in the case of the State of Texas v. Jim Jenkins and Jno. Runnels on behalf of the defendants, and that you have been a witness in this court a great many times for the defendants?" The record does not disclose that this question was ever answered or what the answer was or would have been. It states that the objection made to this question was sustained by the court. The court in his qualification to the bill stated that he not only sustained the defendant's objection to the testimony, but that when the district attorney stated the purposes and objects of this testimony, the court directed the jury that they would not consider the question propounded, nor the remarks of the district attorney in the presence of them. The bill is without merit, and there being no error in the record, the judgment is affirmed.

*Affirmed.*