## LOUIS ANTHONY v. THE STATE.

### No. 1697. Decided January 17, 1900.

**Intoxicating Liquors—Finding and Taking Possession of, etc., at Election Polls.**

The last clause of article 185, Penal Code, provides that "If any person shall find and take possession of any intoxicating liquors at or near the polling place [on election day] or inform another of the whereabouts of the said intoxicating liquors, he shall be fined," etc. Held, to constitute the offense, (1) the party must find the liquor at the designated place; (2) having found it, he must take possession of it; or (3) after finding it, he must inform another or its whereabouts. See opinion for evidence held wholly insufficient to support a conviction for this offense.

APPEAL from the County Court of Navarro. Tried below before Hon. J. F. STOUT, County Judge.

Appeal from a conviction of finding liquor near the polls on elec-

tion day, and informing others of its whereabouts; penalty, a fine of $100.

The opinion states the case.

*Stone & Lee*, for appellant.

*Rob't A. John*, Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Omitting formal parts of the indictment, and that portion with reference to the holding of the election, it charges as follows: That appellant, Louis Anthony, "did find and take possession of intoxicating liquors near the polling place, and did then and there inform another, to wit, J. D. Rogers, and other persons to the grand jury unknown, of the whereabouts of the said intoxicating liquors," etc. This prosecution is based upon that portion of article 185, Penal Code, which reads: "If any person shall find and take possession of any intoxicating liquors at or near the polling place, or inform another of the whereabouts of the said intoxicating liquors, he shall be fined," etc. It will be observed that, in order to constitute a violation of the statute quoted, the party must not only find the liquor at or near the polling place, but he must take possession of the same. In other words, it is necessary, to constitute the offense in the first clause, that two things must concur: First, the party must find the liquor at the designated place; and, second, having found it, he must take possession of it. Under the second clause, he must also, after finding it, inform another of the whereabouts of the said intoxicating liquors. Now, the testimony shows that the appellant was a blacksmith, and his shop was in the town of Richland; that on the day alleged in the indictment there was a local option election being held in said town, and that one or more of the witnesses entered appellant's shop and went to the rear end, where two bottles were sitting. One of the witnesses picked up one of these, and started to drink from it, when appellant remarked, "That bottle is negro whisky; drink out of the other one." Witness set the bottle down, and drank from the other. This is the strength of the testimony. In other words there is no evidence, other than that stated, tending to show that appellant, having found any whisky, took possession of it; or, having found any whisky, informed another of its whereabouts. In order to constitute the offense charged in the indictment, one of these matters must be shown by the evidence. Having selected from the many provisions of the statute these two, the pleader can not prove the violation of any other of its clauses. In other words, the old principle that the allegata and the probata must agree is directly applicable. That appellant may have violated some other of the provisions of the statute not contained in the indictment, will not justify his conviction under the pleading in this case. The court should have so instructed the jury. The judgment is reversed and the cause remanded.

*Reversed and remanded.*