## DAVIS v. STATE.

(Court of Criminal Appeals of Texas. Nov. 16, 1910. Rehearing Denied Dec. 21, 1910.)

1. CRIMINAL LAW (§ 1118*)—APPEAL AND ERROR—PRESENTATION OF GROUNDS OF REVIEW—CONTINUANCE.

Where defendant's bill of exceptions shows a motion for a continuance to secure a witness, but does not disclose what the defendant desired to prove by the witness, the bill of exceptions presents no ground of review.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 2926; Dec. Dig. § 1118.*]

2. CRIMINAL LAW (§ 1092*)—APPEAL AND ERROR—PRESENTATION OF GROUNDS OF REVIEW—EVIDENCE.

Where the record on appeal from a conviction of murder contained a bill of exceptions showing a refusal to admit certain testimony for the defense, and the trial court denied the bill, stating that the statement of facts would show the admission of such testimony, the bill presents no ground of review.

[Ed. Note.—For other cases, see Criminal Law, Dec. Dig. § 1092.*]

3. CRIMINAL LAW (§ 954*) — NEW TRIAL — NEWLY DISCOVERED EVIDENCE—MATERIALITY.

On motion for a new trial in a homicide case on the ground of newly discovered evidence, the motion set out that immediately after the killing and while accused was under great excitement he made a statement to the absent witness tending to explain the cause of the homicide, but did not otherwise set out the circumstances under which the statement was made. Held, that the motion did not sufficiently show that the statement offered to be shown by testimony would be admissible as a res gestæ statement, so that there was no error in refusing a new trial.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2363–2367; Dec. Dig. § 954.*]

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

**4. CRIMINAL LAW (§ 939*) — NEW TRIAL — NEWLY DISCOVERED EVIDENCE—DILIGENCE.**

Where a motion 'for new trial in a homicide case on the ground of newly discovered evidence does not disclose facts that would excuse the defendant from the diligence necessary in procuring the attendance of a witness whose testimony was desired, there was no error in refusing a new trial.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2318–2323; Dec. Dig. § 939.*]

**5. CRIMINAL LAW (§ 1159*)—APPEAL AND ERROR—REVIEW—CREDIBILITY OF WITNESSES.**

The question of the credibility of witnesses is for the jury, and not for the court on appeal.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 3074–3083; Dec. Dig. § 1159.*]

Appeal from District Court, San Jacinto County; L. B. Hightower, Judge.

Tom Davis was convicted of murder, and appeals. Affirmed.

Wm. McMurrey, for appellant. John A. Mobley, Asst. Atty. Gen., for the State.

McCORD, J. Appellant was indicted, tried, and convicted for the murder of his wife, Ebbie Davis; his punishment being assessed at a life term in the penitentiary; hence, this appeal.

From the facts it appears that about dark on the evening of the 6th day of December, 1909, Ebbie Davis, wife of defendant, was shot and killed in the yard of their home. The only eyewitness to the killing was the daughter of defendant and deceased, Susie Davis, a girl about 13 years of age. She testified that on the night of the killing her papa had been away from home, and the first she noticed him he was at the horse lot and he requested her to get some feed for the horse; that at that time deceased was in the house; that he directed witness to go in the house and tell his wife that he was going to whip her when he came in; that defendant came into the house, walked up to his wife, put his head in her lap, and used some endearing terms to her; that his wife remarked to him to go away, "you are putting your deceit over me"; that about that time, witness says, her mother got up and got the scissors and defendant grabbed his gun, which was in the corner of the house; that when he did this deceased went out on the gallery and on out of the house, around the back side; that defendant followed her with his gun, and when the defendant got into the yard he shot the deceased. The witness says after he shot his wife he then told her what he wanted her to say about it. She says, "He told me it was an accident and he was the onliest one to keep us up." A great deal of testimony was offered to show friction between the defendant and his wife previous to this, and that his wife was jealous be-

cause of the attention he was paying to other women. The state offered statements made by the defendant after the killing. Some of these statements were that his wife had the gun and that in the scuffle he tried to get it, and it went off and killed her accidentally. Another, that he had the gun and it went off and killed her accidentally. The defendant took the stand and testified that he had started out of the house and had gone to the lot to look at a hog which he had in a pen, and that his wife followed him out with the gun and that they went to scuffling over the gun, and the gun went off and killed his wife. The gun was a double-barreled, breech-loading gun. In the trial of the case, the court submitted murder in the first and second degree, and also accidental homicide, directing the jury that if they had a reasonable doubt as to whether it was an accident or not they would acquit the defendant. No complaint is made of the charge of the court.

We find in the record two bills of exception. The first bill of exception discloses that after the trial had proceeded for some time defendant asked for a postponement of the trial to secure the witness Lorenza Lee; that he had announced ready for trial under the belief that Lorenza Lee was present, but had since discovered that he was not in attendance upon court, and he asked to be allowed to withdraw his announcement for this witness and for a continuance of the case, or postponement of same. This motion was denied by the court and the case proceeded to trial. The bill of exception does not disclose what the defendant desired to prove by this witness Lee, and in the condition of the record before us we are not advised as to how the defendant was injured by the failure of the court to postpone. The second bill of exception is to the action of the court in refusing to permit the defendant, while upon the witness stand, to testify that the bundles he had brought home, to wit, a cape and bottle of whisky, were bundles he had been requested by certain parties to bring to them, and that his wife was present when this request was made. He said his purpose in proving this was to show that the deceased likely knew what the bundles were, and if she did, there would be no reason for her to become angry with defendant, claiming that this would be an answer to the state's contention that the immediate cause of the killing was because defendant had in his possession articles for other women, and that his wife became angry about it, when, if he could show this act, it would show no cause for anger. This bill of exception was denied by the court; the court attaching thereto the following qualification: "I cannot allow this bill in the shape it is in. I am sure that the statement of facts will show

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

that the testimony as to the purpose of defendant in purchasing the articles mentioned was given to the jury." In the shape the bill is before us we think the same is without merit.

Appellant made a motion for new trial and in the motion set up that he desired a new trial on the ground of newly discovered evidence; that if he had Alvin Powell at the trial he could prove by him that after the killing, and while defendant was under great excitement, he made a statement to the witness to the effect that while they were scuffling over the gun, same was accidentally discharged and killed Ebbie Davis, which would be a contradiction of the testimony of Clara Adams and Laura Harrell as to what defendant told as to how the killing occurred; that defendant had told them that deceased had killed herself by having the gun discharged while dragging it through a crack; and that owing to his excitement he had forgotten about making this statement to Powell and desired this proof. The motion does not disclose that this statement of defendant was made within such close connection with the killing of his wife as would make it a res gestæ statement. He does not state where Powell was when he made the statement to him; he does not state whether it was at the scene of the killing or at some other place. He simply says "immediately" thereafter he told this to Powell. "Immediately" would be too indefinite a term with regard to time for this court to say it would become a res gestæ statement. Besides, if it was pertinent and relevant testimony, the motion does not disclose a state of facts that would relieve the defendant of the diligence necessary to procure his attendance and to ascertain the facts connected with the killing. We, therefore, are of opinion that the court did not err in not granting a new trial for newly discovered evidence.

The motion for new trial also complains that the defendant did not have a fair and impartial trial, in that the testimony of Susie Davis is contradictory and inconsistent. This is more a matter of argument than otherwise. The jury had the witness before them; her conduct, manner, and appearance were matters of consideration for them. It is not within our power to revise verdicts of juries on such grounds as these. No useful purpose could be served by setting out the testimony in detail. We have noticed the points that have been raised by counsel in his motion for new trial and they are without merit. The issue of whether there was an intentional or accidental killing was fairly, clearly, and succinctly submitted to the jury by the learned trial judge in his charge. The jury found that this was not an accidental killing. The testimony of the defendant that it was an ac-

cidental killing was hardly probable under the circumstances.

Finding no error, the judgment is affirmed.