FRED A. DUFFIELD V. THE STATE.

No. 9689.  Delivered Oct. 14, 1925.

Rehearing denied April 14, 1926.

1.—Removing Casing from Auto—Information and Complaint—Held Sufficient.

Where, an information and complaint brought under Art. 1346 of 1925, charges that appellant unlawfully and maliciously removed an automobile casing from a motor vehicle, an automobile, owned by George Henry, and without the consent of the owner thereof, same sufficiently charges the offense.

ON REHEARING.

2.—Same—Statute Construed.

On rehearing appellant submits that Art. 1595b Vernon's 1916 P. C., under which this prosecution was had, was repealed by the acts of 1917 Legislature; which is Art. 1259bb of Vernon's complete Texas Statutes 1920. We have discussed this proposition in cause No. 9492, Raymond Acton v. State, opinion this day handed down, and appellant's contention is without merit.

Appeal from the County Court at Law No. One of Tarrant County. Tried below before the Hon. P. W. Seward, Judge.

Appeal from a conviction for removing an automobile casing from a motor vehicle, penalty six months in the county jail.

*Mays & Mays* of Fort Worth, for, for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry Jr.,* Assistant State's Attorney, for the State.

BAKER, JUDGE.—The appellant was charged in the County Court at Law No. One of Tarrant County by information with unlawfully and maliciously removing an automobile casing from a motor vehicle, an automobile, owned by George Henry, and without the consent of the owner thereof, convicted and his punishment assessed at six months' confinement in the county jail.

The record is before us; without a statement of facts and with one bill of exception complaining of the action of the court in refusing to quash the information and complaint for the reason that same failed to allege that the casing was an attachment to said automobile and because it failed to allege that same was a part of said automobile and that it was necessary in the use thereof and failed to allege any value of the article taken, or the purpose for which it was taken, and failed to allege that it was fraudulent and for the purpose of converting same to the use of the defendant. The article under which appellant was charged and convicted being Vernon's P. C. 1259-B, Art. 1346, 1925 Codification Statutes, which states, "Whosoever shall maliciously or wilfully and without authority from the owner unlawfully remove from any motor behicle or bicycle, any portion of the running or steering gear, or * * * casing, * * * etc., shall be fined," etc.

After a careful examination of the record and said bill of exception we think the information and complaint correctly alleged the offense charged and overrule appellant's contention as to the insufficiency of same. The record further discloses that the court properly applied the law applicable to this offense, and there being no statement of facts in the case, the record fails to show any error in the trial thereof and the judgment of the trial court is accordingly affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant submits his motion on the proposition that Art. 1259b, Vernon's 1916 P. C., under which this prosecution was had, was repealed by the act of the 1917 Legislature, which is Art. 1259bb, Vernon's Complete Texas Statutes 1920. We have discussed this proposition in cause No. 9492, Raymond Acton v. State, opinion this day handed down, and are of opinion appellant's contention is without merit, and the motion for rehearing will accordingly be overruled.