### RAYMOND ACTON V. THE STATE.

No. 9492.    Delivered April 14, 1926.

**1.—Removing Parts from Motor Vehicles—Statute Construed.**

Statutes are to be construed, if possible, to give effect to the language used by the lawmakers. After specifically enumerating by name those parts which may not be removed from a motor vehicle, Art. 1259 of Vernon's P. C. of 1916 further provides, "or any device, emblem or monogram thereon or any attachment, fastening or other appurtenances or any other part or parts attached to said motor vehicle, which are necessary in the use, control, repair or operation thereof."

**2.—Same—Continued.**

Where the charge is the removal of any of those things from a motor vehicle specifically enumerated in the statute, the pleading need not allege that such property was necessary to the use, control etc., and we are further of opinion that such allegation is only necessary, when the property taken is some part of a motor vehicle which is not so specifically named in the statute.

**3.—Same—Continued.**

Art. 1259b forbids the removal from the motor vehicle of certain specified property or parts necessary, etc., while Art. 1259bb forbids the willful breaking, injury or tampering with the parts of a motor vehicle. It being manifest that parts of a car may be broken, injured and tampered with without being removed, we perceive no necessary conflict in the two articles. See Cooper v. State, 25 Tex. Crim. App. 552.

**4.—Same—Continuance—Properly Refused.**

Where appellant sought a continuance on account of his surprise at the testimony of an officer given in rebuttal, that when he arrested appellant he saw the car of appellant and the coil box was open and one of the coils out of the box and lying in the bottom of the car, the other coils

being in the box. This testimony was a cogent circumstance bearing on appellant's guilt, and a continuance was properly refused.

#### 5.—Same—Continued.

A continuance after the trial has commenced will only be granted where it is shown that some unexpected occurrence since the trial commenced, which no reasonable diligence could have anticipated has so taken appellant by surprise that a fair trial could not be had. Reasonable diligence must be used to discover what the testimony of witnesses present at the trial will be, and it is only upon a showing that some fraud has been practiced or misrepresentation by which knowledge of the testimony claimed to be newly discovered was withheld from the accused that a continuance would be warranted. See Branch's Ann. P. C., p. 195, and Art. 616, Vernon's C. C. P.

Appeal from the County Court at Law of Tarrant County. Tried below before the Hon. P. W. Seward, Judge.

Appeal from a conviction for removing parts from a motor vehicle, penalty six months in the county jail.

The opinion states the case.

*Frank R. Graves* of Fort Worth, for appellant.

*Sam D. Stinson*, State's Attorney, and *Robert M. Lyles*, Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction in the County Court at Law of Tarrant County for removing parts from a motor vehicle, punishment fixed at six months in the county jail.

Appellant was convicted of removing a coil, with intent to steal same, from an automobile belonging to George Jewell. He moved to quash the information on the ground that same charged no offense, and for the further reason that the Act of the Legislature of 1913, under which this complaint was filed, which is Art. 1259b, Vernon's 1916 P. C., had been superseded by the law passed by the 1917 Legislature, which is Art. 1259bb, Vernon's Complete Texas Statutes, 1920. We are not in accord with either contention. Art. 1259b, supra, penalizes one who, with intent to steal, etc., removes from any motor vehicle any * * * coil * * * "or any other part or parts attached to said vehicle which are necessary to the use, control, repair or operation thereof." The attack on this information on the ground that it does not allege any offense, is based on the proposition that it was necessary to charge that the coil referred to, was attached to the car and was necessary to the use, control, etc., thereof. Examination further of said article reveals the fact that in its enumeration by name of those parts which may

not be removed from the car, appear "Robe, * * * basket, trunk," etc. After the specific naming of those things which may not be taken from the vehicle, the statute further goes on to say, "or any device, emblem or monogram thereon, or any attachment, fastening or other appurtenances, or any other part or parts attached to said motor vehicle which are necessary in the use, control, repair or operation thereof." Clearly a robe, a basket, a box, a trunk, a monogram, etc., which are specifically named, are not necessary to the use, control, repair or operation of the car. We must construe statutes, if possible, so as to give effect to the language used by the law-makers. So doing, we hold that when the charge is the removal from a motor vehicle of any of those things specifically named in the statute, the pleading need not allege that such property was necessary to the use, control, etc., and we further are of opinion that such allegation is only necessary when the property taken is some part of a motor vehicle not so specifically named in the statute.

Nor do we believe Art. 1259b and Art. 1259bb to be necessarily in such conflict as that the one last enacted supersedes the other, so as to require us to hold that both can not stand. One of said statutes forbids the removal from the motor vehicle of certain specified property, or of parts necessary, etc.; the other statute forbids the wilful breaking, injury or tampering with the parts of a motor vehicle. It being manifest that parts of a car may be broken, injured and tampered with without being removed, we perceive no necessary conflict in the two articles. Cooper v. State, 25 Texas Crim. App., 552.

Appellant's application for continuance made during the trial on the ground of surprise, does not seem meritorious. The matter alleged to be that of surprise was at the testimony of the policeman who arrested appellant on this charge, he testifying for the State in its rebuttal that after he arrested appellant he saw the car of the latter and the coil box was open and one of the coils was out of the box and lying in the bottom of the car, the other coils being in the box. Appellant's motion for continuance sought to get the testimony of his brother who was absent and ill, but who would testify that he drove to town the morning of the alleged taking in appellant's car and that it was in good condition, and that after appellant's arrest he drove the car away from where appellant left it parked, and that all four coils were in the box, etc.

Art. 616, Vernon's C. C. P., provides for a continuance after the trial has commenced, when it appears to the satisfaction

of the court that by some unexpected occurrence since the trial commenced *which no reasonable diligence could have anticipated,* the applicant was so taken by surprise that a fair trial could not be had. It has been often held that the accused can not claim as newly discovered testimony, the testimony of a witness who was present at the trial but not put on the stand nor interviewed by the defense. The reason for this is apparent. Reasonable diligence would seem to require that investigation be made by the defense of all witnesses present for the purpose of ascertaining what their testimony would be. When this is done, it is only upon a showing that there has been some fraud practiced or misrepresentation by which knowledge of the testimony claimed to be newly discovered was withheld from the accused, that he can obtain any advantage or maintain his claim for a new trial so sought. In the case before us, it is not shown that any effort was made to ascertain from the officer what his testimony would be, before the trial was begun, nor is it set up that the State or its witnesses in anywise misled appellant or his counsel, or withheld from them any information as to what the State's testimony would be on the trial. Many authorities are cited under Art. 616, Vernon's C. C. P., and on p. 195 of Mr. Branch's Annotated P. C., justifying us in the statement that the facts in this case are not such as to excuse appellant nor to make it appear that the trial court abused his discretion in holding that it is not shown that reasonable diligence could not have anticipated, before the trial began, the occurrence here claimed as a surprise.

Being unable to agree with appellant's contentions, and finding no error in the record, the judgment will be affirmed.

*Affirmed.*