## H. B. MONROE V. THE STATE.

### No. 9962. Delivered June 16, 1926.

### Rehearing granted December 22, 1926.

**1.—Rape—Impeaching Prosecutrix—On Collateral Matter—Properly Excluded.**

Where, on a trial for rape, prosecutrix having testified to an act of intercourse with appellant on March 9, at which time a Mrs. Burroughs was present, on cross-examination by appellant testified that she had intercourse with appellant also in February preceding, at which time a Mrs. Henderson was present, the court properly refused to permit her to be impeached by Mrs. Henderson as to this collateral and immaterial act, brought out by appellant himself on cross-examination. Following Drake v. State, 29 Tex. Crim. App. 270, and other cases cited. See also Branch's Ann. P. C., Sec. 165.

**2.—Same—Evidence—Chastity of Prosecutrix—Properly Excluded.**

Where, on a trial for rape, by consent of a female under fifteen years of age, the court properly refused to permit the appellant to prove that prosecutrix, prior to the alleged act of intercourse with appellant, had intercourse with another person. Following Knowles v. State, 44 Tex. Crim. Rep. 325; Whitehead v. State, 61 Tex. Crim. Rep. 567.

**3.—Same—New Trial—Newly Discovered Testimony—Impeaching Only—Properly Overruled.**

Where appellant presented as grounds for a new trial the newly discovered testimony of several witnesses, the testimony of all of whom was only impeaching in its character, and after hearing testimony in support of the motion, the trial court overruled same, we regard the action of the trial court in refusing a new trial as being in accord with the authorities. See Barber v. State, 35 Tex. Crim. Rep., and other cases cited; also Branch's Ann. P. C., Sec. 202. Distinguishing Cottrell v. State, 237 S. W. 928, and Lusty v. State, 261 S. W. 775.

### ON REHEARING.

**4.—Same—New Trial—Newly Discovered Evidence—Erroneously Refused.**

On a reconsideration of our original opinion, in the light of appellant's motion for a rehearing, we are convinced that we were in error in holding that the trial court properly refused to grant appellant a new trial. The newly discovered evidence of the three witnesses was not only impeaching in character, but was also admissible as original evidence. Its materiality and probative force cannot be denied, and appellant's motion for rehearing is granted, and the cause is reversed and remanded. Following Lusty v. State, 261 S. W. 776; Foreman v. State, 61 Tex. Crim. Rep. 56; Tull v. State, 55 S. W. 61; Anderson v. State, 93 Tex. Crim. Rep. 635.

Appeal from the District Court of Knox County. Tried below before the Hon. J. H. Milam, Judge.

Appeal from a conviction of rape, under the age of consent, penalty five years in the penitentiary.

The opinion states the case.

*Jas A. Stephens* of Benjamin, and *Stinson, Coombs & Brooks* of Abilene, for Appellant. On admissibility of prosecutrix' conflicting statements, made out of court, appellant cites:

Foreman v. State, 61 Tex. Crim. Rep. 56.
Tull v. State, 55 S. W. 561.
Cottrell v. State, 237 S. W. 928.
Eppeson v. State, 82 Tex. Crim. Rep. 364.
Blair v. State, 56 S. W. 622.
Draper v. State, 57 S. W. 656.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction in District Court of Knox County of rape; punishment fixed at five years in the penitentiary.

Prosecutrix swore to an act of intercourse with appellant at his place of business on March 9th. She was not quite fifteen years of age at the time. She said a Mrs. Burroughs was present, and that at first she did not agree to have intercourse with appellant, and when he would turn the lights off in the building she would turn them on. The act occurred after 12 o'clock at night. The Burroughs woman corroborated prosecutrix. Elliott, a night watchman, said that his attention was attracted by hearing the talking of a man and one or two women in appellant's place of business at a late hour of the night. The lights would be turned off and then on and off again. He tried the doors but found them locked. He watched and saw appellant, the Burroughs woman and prosecutrix come out. It was about 1:20 a. m. A Mr. Moore was with Elliott and told substantially the same story.

Appellant took the witness stand in his own behalf and admitted that the Burroughs woman and prosecutrix were at his place on the night mentioned from about 11:30 until after 1 o'clock. Mr. Elliott was called to the stand by the state in rebuttal and testified that about twenty minutes after the parties came out of appellant's place on said night, prosecutrix told him that appellant had intercourse with her.

There are four bills of exception. The first asserts error in the refusal of the trial court to allow appellant to prove by a Mrs. Henderson that she was not present at any time in February preceding the March mentioned, at appellant's place of business when he took prosecutrix into a side room and had intercourse with her. This testimony was properly rejected.

The state had proved by prosecutrix only the act of March 9th, on which it relied for a conviction. In appellant's cross-examination he asked prosecutrix if she had any other connection with him at any other time, and she said she had, and detailed, in response to appellant's questions, the surroundings and settings of an act which she said took place in February. She said that Mrs. Henderson was picking turkeys at appellant's place when he took prosecutrix into a side room and had intercourse with her in February. The attempted impeachment by Mrs. Henderson was on an immaterial and collateral matter which had been brought out by appellant himself on cross-examination. Drake v. State, 29 Tex. Crim. App. 270; Wilson v. State, 37 Tex. Crim. Rep. 69; Brittain v. State, 47 Tex. Crim. Rep. 602. See also authorities cited in Sec. 165, Branch's Annotated P. C.

Bill of exception No. 2 was reserved to argument of state's attorney which, without setting it out, seems entirely within the record and not improper.

Bill of exception No. 3 was taken to the rejection of testimony showing that prior to her alleged act of intercourse with appellant, prosecutrix had intercourse with another person. The charge here is rape by consent. In a case like the one before us this testimony would be inadmissible. Knowles v. State, 44 Tex. Crim. Rep. 325; Whitehead v. State, 61 Tex. Crim. Rep. 567.

The fourth bill of exception presents complaint of the refusal of appellant's motion for new trial based upon the proposition of newly discovered testimony. The testimony of Mrs. Henderson was not newly discovered. She was present at court and was not interviewed. Acton v. State, 282 S. W. 805; Fisher v. State, 30 Tex. Crim. App. 502; Powell v. State, 36 Tex. Crim. Rep. 377. The affidavits of other witnesses whose testimony was claimed to be newly discovered, were attached to the motion and showed that the new testimony was pertinent only for impeachment purposes. None of the same would have been admissible as original testimony. The state traversed the motion and the court heard testimony. We think the action of the court in refusing the motion in accord with the authorities. Barber v. State, 35 Tex. Crim. Rep. 70; Holt v. State, 39 Tex. Crim. Rep. 282; Morris v. State, 57 Tex. Crim. Rep. 163; also authorities cited in Branch's Annotated P. C., Sec. 202. Cottrell v. State, 237 S. W. 928, was relied on by appellant, and also Lusty v. State, 261 S. W. 775. An inspection of the record shows that in this case the state did not rely alone on the testimony of prosecutrix, nor was there any evidence introduced as to a physical examination made of her. She was abundantly

corroborated, and the question of the sufficiency thereof was wholly for the jury. In this connection we also note that the lowest penalty was given the appellant.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*

ON MOTION FOR REHEARING.

MORROW, Presiding Judge.—Concerning the bill of exceptions which relates to the refusal of a new trial upon the ground of newly discovered evidence, we make the following statement in addition to those contained in the original opinion in this case:

According to the affidavit of one of the attorneys for the appellant, he interviewed the prosecutrix before she gave her testimony, and was told by her that there had been but one act of intercourse between her and the appellant. When testifying as a witness, she related that an act of intercourse had taken place between her and the appellant in the presence of Mrs. Burroughs on March 9th, as stated in the original opinion. On cross-examination, she was asked if it was not a fact that, save in the one instance to which she had given testimony in the direct examination, appellant had never mistreated her, to which she replied that the appellant had intercourse with her in February preceding the act which she described in the direct examination, and further stated that this previous act took place at the home of the appellant; that Mrs. Winnie Henderson was present at the time when appellant took the prosecutrix into an adjoining room and had intercourse with her. Appellant's counsel declared that he was surprised at this testimony; that it was untrue; and asked for a subpoena for Mrs. Henderson in order that he might controvert the testimony last mentioned. When Mrs. Henderson arrived in obedience to the subpoena, counsel was informed by the court that her contradiction of the prosecutrix would not be received for the reason that her testimony related to a statement made by the prosecutrix on cross-examination by which the appellant was bound. To this ruling the appellant objected and presented a bill of exceptions, which is found in the record, complaining of the exclusion of her testimony. This bill was approved and is referred to in the bill of exceptions under discussion. In view of the announcement made by the court, the appellant's counsel did not talk to Mrs. Henderson and had no antecedent knowledge or information that she was acquainted with any fact material to the case; he had no opportunity to talk to her during the trial, and no occasion

to do so, as the court had announced his unwillingness to receive the only testimony of which counsel or the appellant were aware they could obtain from Mrs. Henderson. After the trial, counsel learned that Mrs. Henderson would testify to another fact and obtained from her an affidavit which he attached to his motion for a new trial. In the affidavit the witness, in addition to the testimony mentioned which the court declared that he would exclude, stated the following:

"Affiant further says that one day last week she (witness) had a conversation with the said Allie Brownfield. That she asked the said Allie Brownfield why she was telling around town that defendant had had intercourse with her (affiant's daughter; that she knew was not true. That the said Allie Brownfield told affiant that she knew it was not true that he had had intercourse with affiant's daughter; and further stated that he had never had intercourse with her the said Allie Brownfield. That after the trial or after the jury was out on the trial of this cause she told defendant and his attorney about this conversation. That she never had a chance to tell either of them before the argument was closed on the trial of this case, and that they were not aware of said fact."

In his motion for a new trial, appellant also embraced the affidavit of Mrs. P. E. Bessire to the effect that she heard the prosecutrix tell Mrs. Winnie Henderson that the appellant had never had carnal knowledge of her; that the prosecutrix made the same statement to the witness.

In the motion there was also presented the affidavit of Mrs. Brownfield, mother of the prosecutrix, in which she declared that her daughter (the prosecutrix) had said to the witness that the accusation that was made against the appellant was untrue; that she was frightened into making the accusation.

The affidavits of counsel and the appellant are to the effect that they had no knowledge of either of these matters prior to or during the trial; that Mrs. Bessire was not a witness; that they had no information of any fact which would lead them to the knowledge that she could give the testimony embraced in her affidavit mentioned, or that Mrs. Brownfield could.

The materiality of the testimony of Mrs. Henderson embraced in the part of the affidavit to which we have adverted, namely, that the prosecutrix had told the witness that the appellant had never had any intercourse with her, we think, cannot be called in question. It was effective, not only to impeach the prosecutrix,

but to contradict her testimony touching the main fact upon which the prosecution relied. The same may be said of the testimony of Mrs. Bessire. The admissibility of testimony of the same nature was reviewed in the case of Lusty v. State, 261 S. W. 776. In holding it admissible, the court cited several precedents which are deemed pertinent. Among them are Woreman v. State, 61 Tex. Crim. Rep. 56; Tull v. State, 55 S. W. 61.

We have failed to perceive any lack of diligence so far as Mrs. Bessire was concerned, and upon reflection, it is believed that under the facts which are before this court in bill of exception No. 4, in the light of the record, appellant should not be charged with a lack of diligence with reference to the testimony mentioned which is embraced in the part of the affidavit of Mrs. Henderson quoted above. The rule of diligence, applied to newly discovered evidence, is not believed to be so rigid as to deprive the accused in the present instance of the testimony in question. The precedents upon the subject are cited in the case of Anderson v. State, 93 Tex. Crim. Rep. 635, and in our judgment, justify the conclusion that the appellant brings himself within the exception to the rule, as was done in the Anderson case, supra, and others cited therein.

Concerning another bill of exceptions, it is believed to the writer that under the facts appearing in the record, the appellant, by his cross-examination of the prosecutrix, was precluded from contradicting her touching the statement of a previous act of intercourse. According to the sworn statement of counsel embraced in the bill, the answer of the prosecutrix to the effect mentioned was a surprise, she having previously declared in the interview with her that no such occurrence had taken place. The answer which she gave, namely, that there had been a previous act of intercourse, if not controverted, might form a predicate for a conviction. On reflection, it is the opinion of this Court, in the light of the record, that the learned trial judge was not justified in overruling the motion for a new trial based upon items of newly discovered evidence to which reference has been made.

For the reasons stated, the motion for rehearing is granted, the order of affirmance is set aside, the judgment of conviction is reversed and the cause remanded.

*Reversed and remanded.*