### P. A. SIMMS V. THE STATE.

No. 11475.   Delivered March 28, 1928.

**1.—Abortion—Argument of Counsel—Improper—Reversible Error.**

Where on a trial for abortion the only evidence introduced by the state was that appellant had used a speculum in an examination of prosecutrix, it was reversible error for prosecuting attorney in his argu-

ment to exhibit to the jury a "sound" (being a mechanical instrument capable of producing an abortion), and stating "He used an instrument somewhat similar to that" there being not the slightest evidence to warrant such assertion.

**2.—Same—Continued.**

This unsworn ex parte statement of the District Attorney, given without opportunity of cross-examination was thus made to supply a fact, apparently wholly lacking in the evidence. This being a positive statement of a fact, outside the record, accompanied by the exhibition of an instrument capable of producing an abortion, and being upon one of the vital and meagerly proven issues, necessitates the reversal of the judgment. See Tillery v. State, 24 Tex. Crim. App. 273, and other cases cited.

**3.—Same—New Trial—Newly Discovered Evidence—Improperly Refused.**

Where after conviction for an abortion, appellant's counsel ascertained that prosecutrix had tried to perform an abortion upon herself (which she had denied on the stand), by the use of a small rubber hose capable of producing an abortion and attached the affidavit of said prosecutrix to this effect, and there bring no lack of diligence to discover this testimony by appellant, a new trial should have been granted. See Gainer v. State, 232 S. W. 830, and other cases cited.

**4.—Same—Charge of Court—On Defensive Theory—Insufficient.**

Where, on a trial for abortion, the defensive issue being strongly raised by the evidence that the prosecutrix herself was responsible for the abortion, this defensive issue should have been clearly and affirmatively presented in the court's charge and not in a negative way.

**5.—Same—Continued.**

"The defendant is entitled to a distinct and affirmative presentation of the issues arising upon his evidence, in order that the jury may not be induced to ignore his defenses, upon the supposition that the court did not deem them of sufficient importance to justify consideration." See Reynolds v. State, 8 Tex. Crim. App. 414, and other cases cited.

Appeal from the District Court of Cherokee County. Tried below before the Hon. C. A. Hodges, Judge.

Appeal from a conviction for an abortion, penalty two years in the penitentiary.

The opinion states the case.

*Smithdeal, Shook, Spence & Bowyer* of Dallas, for appellant. On newly discovered evidence, appellant cites: Monroe v. State, 289 S. W. 686; Anderson v. State, 248 S. W. 681; Gainer v. State, 232 S. W. 830; Barrett v. State, 267 S. W. 511, and Mann v. State, 44 Texas, 642. On improper argument and statement of a fact by prosecuting attorney, appellant cites: Lyon v. State, 61 S. W. 121; Johnson v. State, 81 S. W. 945; Newcomb v. State, 95 S. W. 1048; Miles v. State, 65 S. W. 912; Knight v. State, 116 S. W. 56; Bice v. State, 38 S. W. 803; Pace v. State, 124 S. W. 949; Butler v. State, 27 S. W. 128, and Barrett v. State, 99 S. W. 556.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MARTIN, JUDGE.—Appellant was charged by indictment with having committed the offense of abortion upon Ola McDaniel by the use of a metallic instrument, the name and character of which was to the grand jury unknown, penalty two years in the penitentiary.

She twice visited the office of appellant, a negro physician, who on both occasions inserted a speculum in her vagina, but used no other mechanical instrument that she knew of. A speculum was described as an instrument in common use by physicians for the examination of the private parts of a woman, which is neither intended to nor likely to produce an abortion. She was taken ill with severe pains after this last visit and on the next day called Dr. Moore, who attended her until she delivered a dead foetus or embryo child, some two to four months old. The bowels of the child had been punctured and, according to Dr. Moore, the foetus was in a state of decomposition, which indicated it had been dead for several days. He used a speculum on the prosecuting witness upon his first visit of the same character as that used by appellant, and found no evidence of injury from external causes to the foetus. The fluid sack immediately in front of the entrance to the wound was intact, and was still intact about two days later when the foetus was expelled. Prosecuting witness admitted on cross-examination the use of various medicines prior to her visit to appellant's office recommended as being effective in producing an abortion. She testified to symptoms of fever and pains indicating a septic condition arising from the presence of a dead foetus in her womb, all prior to her visit to appellant. The state was unable to show the use of any mechanical means by appellant other than an instrument in common and legitimate use by physicians.

With the state's allegation of the use of mechanical means by appellant to produce an abortion, weakly supported, if at all, by circumstances, the District Attorney exhibited to the jury a "sound" (being a metallic mechanical instrument capable of such use) and stated: "He used an instrument somewhat similar to that." He had theretofore, over appellant's objections, exhibited this same instrument in the presence of the jury to witnesses. There is not any evidence in the record, which we have been able to find, to the effect that appellant used a sound or any instrument similar to a sound.

The unsworn ex parte statement of the District Attorney, given without opportunity of cross-examination, was thus made to supply a fact apparently wholly lacking in the evidence.

This being the positive statement of a fact outside of the record, accompanied by the exhibition of an instrument capable of producing an abortion, and being upon one of the vital and meagerly proven issues in the case, presents such a serious probability of injury that we would not feel justified in over-ruling appellant's assignment presenting this matter. Numerous authorities might be cited supporting the above conclusion. Some of them are as follows: Tillery v. State, 24 Tex. Crim. App. 273; Orman v. State, 24 Tex. Crim. App. 504; McKinley v. State, 52 Tex. Crim. Rep. 182; Vernon's C. C. P., Vol. 2, p. 92, for full collation of authorities.

Motion was made for a new trial based upon newly discovered evidence of the following character: It came to the knowledge of appellant and his counsel after the verdict of guilty had been returned, that prior to her ever having seen appellant, prosecuting witness had tried to perform an abortion on herself by the use of a small rubber hose about the size of a lead pencil. This was described by some of the witnesses as being effectively used by women for that purpose. Witness denied on the trial that she had ever used any mechanical means of any kind to produce an abortion, but upon being confronted with the statement of a witness after the trial had ended to the effect that she had, she then disclosed same for the first time and filed an affidavit that such was a fact. Without lengthening this opinion unduly, suffice it to say that appellant and his counsel, we think, were not lacking in diligence in trying to ascertain this fact from witnesses prior to the trial. In view of the issue over-whelmingly made at the trial that witness herself was responsible for the death of the child and her own miscarriage, we think the court erred in refusing to grant a new trial, that this evidence might become available to appellant. Gainer v. State, 232 S. W. 830; Brown v. State, 13 Tex. Crim. App. 59; Monroe v. State, 289 S. W. 686; Anderson v. State, 248 S. W. 681; Barrett v. State, 267 S. W. 511.

Complaint is made that the court failed to properly and affirmatively present in his charge his main defenses and that said charge presents same only in a negative way. From what has been said, it already appears that the issue of whether or not the prosecuting witness herself was responsible for the abortion, if any, was overwhelmingly raised by the evidence. The only way this was presented was in the following language:

"You are instructed that the defendant would not be guilty * * * if any abortion was caused or produced that was caused

by some other person or means than that alleged in the indictment."

The theory of the state was pertinently and affirmatively charged upon and the appellant's theory should have had a like presentation. It has been said:

"The defendant is entitled to a distinct and affirmative presentation of the issues arising upon his evidence, in order that the jury may not be induced to ignore his defenses upon the supposition that the court did not deem them of sufficient importance to justify consideration, and for a further reason that without such presentation the jury are in no condition to make an intelligent selection of the law which should govern them in case they should find that the defendant's evidence was true." Reynolds v. State, 8 Tex. Crim. App. 414, citing Heath v. State, 7 Tex. Crim. App. 464; Miles v. State, 1 Tex. Crim. App. 514.

On another trial the jury should be pointedly and pertinently instructed on the defensive issues raised by the evidence.

For the errors discussed, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.