ELMO EAKENS v. THE STATE.

No. 11508. Delivered May 23, 1928.

The opinion states the case,

*Coe & Briggs* of Kountz, for appellant. On variance between allegation and proof, appellant cites Robinson v. State, 132 S. W. 944.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—The offense is the unlawful removal of parts from an automobile, punishment fixed at confinement in the county jail for a period of six months.

Appellant was arrested while attempting to remove a nut which held a lug fastening the spare wheel on the automobile of one Parker. This lug was not necessary to the operation of the automobile. The car was parked at night upon a street near a dance hall along with a number of other cars. It was a Pontiac car. Appellant testified that a man called "Slim" represented that there was a flat tire on his Chevrolet automobile, and agreed to pay the appellant one dollar for changing it, that is, for removing the flat tire and putting the spare tire in its place. His testimony implies that he believed that he was working upon Slim's car. A witness by the name of Parker testified that he was present and heard the conversation related by the appellant. Another witness gave like testimony.

The information contains the following:

" * * * did then and there unlawfully and wilfully and without authority from the owner, J. F. Parker, unlawfully remove from a motor vehicle a portion of the device and fastening which fastened and held on a wheel of said motor vehicle, to-wit, a nut which held a lug which held the wheel of said vehicle, and wilfully and without authority from said owner, attempted and tried to remove said wheel of said motor vehicle, which parts, appurtenances and devices were necessary in the use and operation of said motor vehicle, and were attached thereto."

Art. 1346, P. C., 1925, denounces the offense. Omitting the unnecessary parts, the article reads as follows:

"Whoever shall maliciously or wilfully and without authority from the owner unlawfully remove from any motor vehicle * * * any tire, rim * * * or any other part attached to such vehicle which is necessary in the use or operation thereof, etc."

The attack upon the information is upon the ground that there is an absence of averment that the attempted removal was of a part necessary in the operation of a vehicle seems not tenable. If such an averment is essential, it is sufficiently embraced in the pleading. However, the averment mentioned is not deemed essential. It was so

announced by this court in the opinion in Acton's case, 104 Tex. Crim. Rep. 77, from which the following quotation is taken:

"So doing, we hold that when the charge is the removal from a motor vehicle of any of those things specifically named in the statute, the pleading need not allege that such property was necessary to the use, control, etc., and we further are of opinion that such allegation is only necessary when the property taken is some part of a motor vehicle not so specifically named in the statute."

To the same effect is Duffield v. State, 103 Tex. Crim. Rep. 631. It is apparent from the evidence that the appellant's efforts were directed toward removing the spare tire from the automobile. The averment that it was necessary in the operation of the automobile would be regarded as surplusage. The state's witness testified:

"I observed the defendant taking or attempting to take the nut which held the lug which holds the spare rim and casing on the back end of the car belonging to J. F. Parker."

Parker testified that this was without his consent.

There are several bills of exceptions complaining of the testimony of witnesses to the effect that it was the nut and lug which held the spare tire which the appellant was attempting to remove. Against the receipt of this testimony, it is urged by the appellant that it was the averment in the indictment that he was attempting to remove the nut and lug which held a wheel of the car. It affirmatively appears from all the testimony that it was not the wheel against which the appellant's efforts were directed, but that the nut and lug at which the appellant was working had no relation to the wheel. The evidence to which objection was addressed was not relevant to the issue which was before the jury. Perhaps that would not be so important if there were other evidence in the record tending to support the averment that the appellant was attempting to remove the fastenings of a wheel from the car. From the evidence it is manifest that there is a variance of the proof from the allegation.

While the appellant was testifying as a witness in his own behalf, the County Attorney asked him how many times he had been arrested for stealing automobile casings. He answered this in the negative, but in the absence of some basis for the inquiry in fact, it should not be repeated upon another trial.

There are other bills of exceptions, but it is not deemed necessary to discuss them as it seems improbable that the appellant will be retried upon the same indictment.

Because of the variance mentioned and the receipt of irrelevant evidence, the judgment is reversed and the cause remanded.

*Reversed and remanded.*