PEDRO MOSQUEDO v. THE STATE.

No. 16385. Delivered February 21, 1934.
Reported in 68 S. W. (2d) 506.

The opinion states the case.

*Alex F. Cox,* of Beeville, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—The unlawful possession of intoxicating liquor for the purpose of sale is the offense; penalty assessed at confinement in the penitentiary for one year.

The facts reveal that four officers, believing that persons were unlawfully transporting whisky while riding on a railroad train, took a position at night time near the railroad track in the town of Three Rivers. A freight train arrived about one o'clock at night. According to the officers, Pedro Mosquedo, the appellant, and his brother, Escolastico Mosquedo, were transporting whisky. The four officers present were Smith, Sinor, Everett and York. They recovered a total of two gallons of whisky. The testimony of Smith and Sinor that both appellant and his brother were transporting whisky is apparently conclusive. Appellant introduced no testimony.

In Bill of Exception No. 1 appellant contends that he was surprised that officers Everett and York were not present at the trial; that he expected to develop from them his defensive theory, namely, that he was not transporting intoxicating liquor. Appellant did not testify that he was not transporting whisky, and did not claim that Everett would so testify, but the assumption that he would do so seems merely speculative. It appears that Everett had not been subpoenaed by the appellant, and nothing in the record discloses any diligence upon the part of appellant to secure the attendance of Everett, nor is he able, except by conjecture, to point to any material fact favorable to him that might be disclosed by Everett. In the bill, appellant states that he does not know that Everett's testimony would avail him in contradiction of that of Sinor. In overruling the application for a continuance on account of the absence of

390

Everett, it is thought that the court committed no error. See Davis v. State, 60 Texas Crim. Rep., 620; Evans v. State, 13 Texas App., 225; Branch's Ann. Tex. P. C., p. 195. See, also, Vernon's Ann. Tex. C. C. P., art. 551; also Acton v. State, 104 Texas Crim. Rep., 75; Kennison v. State, 104 Texas Crim. Rep., 391.

Bill No. 3 presents exceptions to the charge of the court in submitting the law of prima facie evidence. Apparently the charge was in accord with the statute and approved precedents. Each one of the exceptions is in general terms and points out no specific defect. Comparison of the exceptions to the charge with the charge given by the court indicates that no error was committed in failing to amend the charge upon the suggestion contained in the exceptions thereto.

The complaint of the failure of the court to charge upon the law of circumstantial evidence presents no error. The evidence was direct and not circumstantial.

The motion for new trial embraced in Bill No. 5 presents no new matter but reiterates the contention to which reference has been made above. Further discussion of it is deemed unnecessary.

The judgment is affirmed.

*Affirmed.*