CHARLIE WAGGONER v. THE STATE.

No. 19813. Delivered November 9, 1938.

The opinion states the case.

*Wilson & Bishop,* of Fort Worth, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—The conviction is for unlawfully tampering with the seat of an automobile; penalty assessed at confinement in the county jail for a period of sixty days and a fine of fifty dollars.

The prosecution is based upon Article 1344, P. C., which reads as follows: "Any person who shall individually or in association with one or more others wilfully break, injure or tamper with any part of any motor vehicle for the purpose of injuring, defacing or destroying such vehicle or temporarily or permanently preventing its useful operation or for any other purpose against the will and without the consent of the owner thereof, or in any other manner wilfully or maliciously interfere with or prevent the running or operation of such vehicle, shall be fined not to exceed one thousand dollars or be imprisoned in jail not to exceed twelve months or both, provided that when such offense comes within the definition of felony theft, this article shall not be applicable."

The testimony of the prosecuting witness, C. W. Hale, is to the effect that on the night of January 14, 1938, he parked his car on the corner of First and Throckmorton Streets in the city of Fort Worth, Texas, for the purpose of attending a lodge meeting. After the meeting (which was some time between 11:00 and 12:00 o'clock) the witness Rooks requested the privilege of riding home with Hale in his car. As the two men went to Hale's car, they noticed some one in it. From the testimony of Hale we quote: "We stood there for a minute and watch this defendant to see what he was up to and we noticed that the seat was partly out of the car into the floor board. The time we watched him he was ransacking the pockets of the car. They contained nothing of value except papers and things I carry in the car. We stood there and watched him

and then we both attacked him about the same time and took him out of the car and carried him to the nearest telephone and called the police car."

The appellant did not testify upon the trial or introduce any defensive evidence. According to the witness Hale, when appellant was questioned about his presence in the car, he stated that "he was hunting for a bottle of whisky that was supposed to be in the car." The appellant was not drunk at the time but according to the witness mentioned there was the odor of whisky upon his breath.

It is the contention of the appellant that the testimony introduced by the State wholly failed to show that he was tampering with the automobile in such a manner as to indicate an intention to injure, deface, or destroy the automobile or to prevent its operation in any way. From our examination of the record, we are constrained to concur in this view.

Deeming the evidence insufficient to support the conviction, the judgment is reversed and the cause remanded.