**STATE of Iowa, Appellee,**

v.

**Ronald ARNETT and Craig Shelton, Appellants.**

**No. 53351.**

Supreme Court of Iowa.

June 10, 1969.

Rex Darrah, Des Moines, for appellants.

Richard C. Turner, Atty. Gen., James C. Sell, Asst. Atty. Gen., and Ray A. Fenton, Polk County Atty., for appellee.

STUART, Justice.

Defendants were charged by county attorney's informations with the crime of injuring or tampering with a vehicle in violation of section 321.78, Code of Iowa. On trial to the municipal court judge, defendants were found guilty. They appeal.

I. Defendants contend the evidence does not establish the crime of injuring or tampering with a motor vehicle in violation of section 321.78. In determining this question we must examine this evidence in the light most favorable to the state.

Carl Miksell, 17 years old, was working at the Derby Service Station across the street from the Ron Woods used car lot in Des Moines about 2:30 a. m. August 10, 1968. He testified as follows: "I observed two kids going into the car lot and they were messing around with the Corvette. They went in through the gate and over to the car. They were messing around with the top on it."

The county attorney asked: "What do you mean 'messing around'?" and Miksell testified, "I guess they were trying to lift it."

Trial court overruled defendant's motion to strike the above answer as opinion and

appellant's contend this was error. In view of our conclusions here, we assume admissibility rather than deciding the question.

Miksell continued: "One of the individuals was on the inside of the Corvette and the other was on the other side. There was light in the area so that I could see them. * * * The fellow on the outside, standing alongside of the car was working with his hands. I couldn't see what the fellow on the inside of the car was doing. They were there about ten minutes when the police came."

When the police arrived, the defendants ran across the lot to the north fence. Arnett was arrested trying to climb over the fence and Shelton was apprehended a short time later outside the fence. Defendants had no tools in their possession and the Corvette convertible top was intact. Defendants claim they learned about this top from a body and fender man and were examining it because Arnett wanted to purchase a top for his Corvette.

There was no evidence these defendants did anything to alter or change the condition of the automobile. Three witnesses who knew the condition of the Corvette prior to the incident in question testified there was no change.

Section 321.78 provides: "Any person who either individually or in association with one or more other persons willfully injures or tampers with any vehicle or breaks or removes any part or parts of or from a vehicle without the consent of the owner is guilty of a misdemeanor * * *."

The question is whether a conviction can be sustained under section 321.78 if there is no evidence of injury to or a change in the condition of the vehicle.

"[I]t is a basic rule of criminal law that statutes are to be strictly construed against the state and the burden is upon the state to prove every element of the specific crime charged." State v. Sabins, 256 Iowa 295, 297, 127 N.W.2d 107, 108.

■ These defendants had no right to be on this used car lot when they were apprehended. The evidence would have supported a conviction of trespass but we do not believe the evidence is sufficient under this section. It requires either injury or tampering.

■ Tampering has been defined as the making of unauthorized alterations or changes. State v. Ridinger, 364 Mo. 684, 266 S.W.2d 626, 42 A.L.R.2d 617, 621, and citations; State v. Parker, 3 Conn.Cir. 598, 222 A.2d 582, 585; Keefe v. Donnell, 92 Me. 151, 42 A. 345, 348; Black's Law Dictionary (4th Ed., 1951).

All Iowa cases under section 321.78, have involved changes or alterations in the condition of the vehicle. State v. Nelson, Iowa, 145 N.W.2d 470 (battery removed); State v. Stodola, 257 Iowa 863, 864, 134 N.W.2d 920, 921 (hole in windshield). See State v. Kern, 258 Iowa 939, 940, 140 N.W.2d 920, 921.

Tampering statutes "may be phrased in such a way as to link the offense of tampering so closely with that of injuring, destroying, or defacing the vehicle that in a prosecution thereunder there cannot be a conviction in the absence of any evidence of injury to the vehicle". 7 Am.Jur.2d 855, § 310. See Waggoner v. State, 135 Tex. Cr.R. 446, 120 S.W.2d 1062; Acton v. State, 104 Tex.Cr.R. 75, 282 S.W. 805 (removing coil); Duffield v. State, 103 Tex.Cr.R. 631, 282 S.W. 807 (moving automobile casing); State v. McLarty (Mo.), 414 S.W.2d 315 (disconnecting automobile air conditioner); Anno: 42 A.L.R. 624. But see State v. Ryan, Mo.App., 289 S.W. 13.

We hold there must be evidence of a change or alteration in the vehicle in order to sustain a charge of tampering under section 321.78, Code of Iowa. As such evidence was lacking in this case, we must reverse.

Reversed.

All Justices concur.