## H. M. CLARK V. THE STATE.

### *No. 3129. Decided March 21.*

1. **Theft of Cattle—Ownership—Charge.**—The indictment alleged the owner-ship of the cattle to be in West. The charge of the court, in effect, authorized the jury to convict the defendant if he committed theft of cattle the property of Clark. *Held*, that such instruction was manifestly erroneous.

2. **Same—Ownership Must be Proved as Alleged.**—In a prosecution for theft the burden of proof is upon the State to prove the ownership and possession of the property as alleged in the indictment. The ownership may be general or special in the alleged owner, but the evidence must show one or the other, or the conviction will not be sustained.

3. **Same.**—A defendant can, as defensive matter, prove that the property did not belong to the person named in the indictment as the owner, or that it was the property of some other person, or was taken from the possession of some other person. Either of these facts would constitute a valid defense to the charge, and in a proper case the court should so instruct the jury.

4. **Newly Discovered Evidence.**—See the opinion of the court for newly discov-ered evidence which entitled the defendant to a new trial.

APPEAL from Jones County. Tried below before Hon. J. V. Cock-rell.

Conviction for theft of one cattle, and the punishment assessed at confinement in the penitentiary for three years.

The opinion of the court sufficiently states the case. That portion of the charge of the trial court which is quoted in the opinion and held to be erroneous was specially excepted to by the defendant on the trial, and a proper bill of exception thereto appears in the record.

*F. G. Thurmond* and *Davis & Woodruff*, for appellant.—The court erred in instructing as to theft of an animal from one Clark, because the in-dictment did not allege such a theft, but alleged a theft from one West. Citing Powell v. The State, 12 Texas Ct. App., 238; Jones v. The State, 22 Texas Ct. App., 680.

Defendant was entitled to a new trial upon the ground of newly dis-covered evidence. Citing Lindly v. The State, 11 Texas Ct. App., 283; Railway v. Forsyth, 49 Texas, 171.

*R. H. Harrison*, Assistant Attorney-General, for the State, confessed error in that portion of the charge quoted in the opinion.

DAVIDSON, JUDGE.—Appellant was indicted and convicted for the theft of "one cattle," alleged to be the property of G. R. West.

The court instructed the jury that should they "believe that the prop-erty charged to have been stolen was not the property of the defendant, but the property of —— Clark, but that this defendant took possession

of the same (if you find defendant ever had possession of said property), and that the defendant, at the time he took possession of the same, and if done with a fraudulent intent to deprive the owner of the value of the same, would not be a valid defense when charged with the theft of the same, if all the elements of theft are known to exist by the proof beyond a reasonable doubt."

In his confession of error the Assistant Attorney-General admits this charge to be erroneous.

Before the State could demand or sustain a conviction in this case the evidence must show possession of and property in the animal alleged to have been stolen to be in G. R. West. This property right in West may be as general owner, or as special owner, but it must be one or the other. If ownership in one of these modes was not shown by the evidence in West, then the defendant was entitled to an acquittal, because the proof did not sustain the allegations in the indictment. If the evidence had shown the ownership to be in some other person than the alleged owner, then the defendant should have been acquitted, because this would have constituted a different offense than the one charged in the indictment. The defendant may remain silent, and should the State fail to make out or prove the offense charged, then the defendant would be entitled to an acquittal, because the burden of proof is on the State.

Again, a defendant on trial can, as defensive matter, prove that the animal alleged to be the property of the party set out in the indictment was not in fact his property, or that it was the property of some other person, or was taken from the possession of some other person. Either of the above conditions of fact would, if the jury believed it, constitute a valid defense to the charge preferred, and the court should so instruct the jury.

If the calf in question was the property of Clark at the time it was taken, defendant could not be convicted under the allegations of the indictment.

If the calf was not the property of West, the defendant could not be convicted in this case.

The effect of the charge above quoted is an instruction to the jury that they are authorized to convict defendant if he committed the theft of an animal belonging to West. The facts do not authorize, and there are no facts in the record upon which to predicate, such a charge. The charge is manifestly erroneous.

Appellant filed his motion for a new trial, based upon the ground of newly discovered testimony, and supports this motion by the affidavit of one Sikes, in which motion and affidavit the newly discovered facts are set forth. Sikes was a State's witness on the trial, and testified that he was hunting the missing calf belonging to West, and found one resembling West's in defendant's pen unmarked and unbranded. He

described the calf.   In his affidavit he swears that the animal he found in defendant's pen was not the calf of West.   He also shows his familiarity with West's calf.   The requisites governing motions for new trials on the ground of newly discovered evidence were fully complied with by the defendant in his motion therefor, and he was not contradicted by the State.   This testimony is material and probably true.   If true, or if believed by the jury, it would be of the first importance alike to the defendant and a due administration of the law, and meting out justice, that these newly discovered facts be accorded defendant on another trial.   The court should have granted the motion for a new trial.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

Judges all present and concurring.