### J. G. BARBEE v. THE STATE.

*No. 589.   Decided February 13.*

1. **Assault with Intent to Murder—Charge.**—On a trial for assault with intent to murder, where the proof clearly demonstrated that the assault was with intent to murder, and nothing less, *Held*, it was not proper to give in charge instructions upon aggravated assault and self-defense.

2. **Same—Evidence—Aggravated Assault.**—On a trial for assault with intent to murder, evidence that the prosecutor called defendant "a son of a bitch," and charged him with an attempt to rape his (prosecutor's) wife, etc., would be no justification for the assault, nor reduce from assault to murder to aggravated assault.

APPEAL from the District Court of Hamilton.   Tried below before Hon. J. S. STRAUGHAN.

This appeal is from a conviction for assault with intent to murder, the punishment assessed being two years' imprisonment in the penitentiary.

In brief, the substance of the evidence as to the shooting, and about which there was no conflict, was, that defendant went into a barber shop on the morning of the 9th of August, where H. L. Brown, the assaulted party, was being shaved, sat in a chair, and as Brown rose up and was in the act of getting his hat, defendant drew his pistol, and as he was in the act of shooting it Brown grabbed hold of it and the pistol was discharged. In the scuffle over the pistol Brown was thrown to the floor, still holding to the barrel of .the pistol, while defendant was standing over him endeavoring to shoot him. Brown's cries of "murder" caused parties to rush in and take the pistol from defendant. After the difficulty, defendant stated that he had gone there to kill Brown, and that he had sworn twenty years before, that he would kill any man who should ever call him a son of a bitch.

Defendant as a witness in his own behalf testified, that on the night of the 6th of August he was standing at the room door of Mrs. Brown, at the hotel, where he also had a room, when Brown came up on him with his pistol and put it against him, and threatened to kill him, and charged him with a crime, and called him "a God d——d son of a bitch."

*J. Van Steinwyck, Goodson & Lindsay*, and *J. A. Eidson*, for appellant.

*Mann Trice*, Assistant Attorney-General, for the State.

HURT, PRESIDING JUDGE.—Conviction for assault with intent to murder. The court submitted to the jury aggravated assault and self-defense. Tested by the testimony of the defendant—he being a witness—it is doubtful whether this is proper or not. We are of opinion that the testimony required no such charges. The whole proof in the case clearly demonstrates that the assault was with intent to murder, and nothing less. Appellant proposed to prove by himself that the prosecutor, Brown, had called him a "son of a bitch," and charged him with an attempt to rape his (prosecutor's) wife, etc. Concede all this to be true, still this would be no justification for the assault, nor would it reduce from assault to murder to aggravated assault. The court admitted evidence of threats against appellant, and all the violent conduct by the prosecutor towards the appellant. This was all he could demand under the facts of this case. All that which related to the assault to rape and the abusive language could not be used for the purpose of reducing the crime from assault to murder to aggravated assault, but might have been used by the State as powerful motives to prove that the assault was with premeditation and malice.

The judgment is affirmed.

*Affirmed.*

Judges all present and concurring.