## JOHN W. BARRETT V. THE STATE.

### No. 8714.    Delivered January 14, 1925.

#### No motion for rehearing filed.

#### 1.—Murder—New Trial—Newly Discovered Evidence.

In his motion for a new trial, appellant sets up as a ground for same, the newly discovered testimony of three witnesses. The wife of appellant had testified to insults offered to her by the deceased on Friday morning preceding the killing which occurred on Wednesday. Appellant's defense being that the killing occurred at his first meeting with the deceased after the insults offered his wife by the deceased. A witness Luther Bryant testified for the State that at the time of the alleged insults, he and the deceased were together at another and different place, therefore the testimony of the wife was not true. Appellant having been convicted of murder, the testimony of these newly discovered witnesses were material and very important on the issue of manslaughter, and a new trial should have been granted.

#### 2.—Same—Newly Discovered Evidence—Presence of Witness—At Trial.

"Where the proposed witness was present at the trial, defendant cannot successfully set up as newly discovered testimony, facts he elicited after the trial, which he should have discovered sooner." But the mere fact that a witness was in attendance on the trial, does not necessarily foreclose an inquiry as to whether facts subsequently found to have been within his knowledge, were in truth, as to accused, newly discovered. See Strickland v. State, 13 Tex. Cr. App. 371 and other cases cited. The true test is, could the existence of such evidence, have been discovered sooner by the exercise of proper diligence.

#### 3. Same—New Trial—Newly Discovered Evidence—Impeaching Only.

It is the rule that a new trial will not be granted on newly discovered evidence, which is impeaching only in its character. There is a clear distinction between testimony which could only impeach a witness who had testified on the trial and evidence showing that such witness was mistaken about a matter material to the State's case. Whether the testimony of Luther Bryant arose from a mistake as to the day when he was with the deceased, or not, that it was upon a point material to the State's case cannot be doubted, for by his testimony the state proposed to break down the defense upon a vital issue in the case.

Appeal from the District Court of Bell County. Tried below before the Hon. Lewis H. Jones, Judge.

Appeal from a conviction for murder; penalty, twenty years in the penitentiary.

*W. W. Hair,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—Conviction is for murder with an assessed punishment of twenty years' confinement in the penitentiary.

Appellant and deceased lived near each other, both being farmers. Appellant had been getting drinking water from a well situated on land belonging to deceased but just outside the fence. A short time before the homicide appellant had impounded an animal belonging to deceased and made a small charge therefor which seems to have incensed deceased and he forbade appellant from longer getting water from the well, and this angered appellant. While plowing in his field, using a riding plow, deceased was shot by appellant who was standing near the center of the road some twenty-five feet away from deceased. It is the theory of the state that deceased was on his plow at the time the shot was fired and that the motive prompting the killing was the act of deceased in having stopped appellant from getting water from the well. Appellant and his son were the only eyewitnesses to the killing. The defense evidence raised the issue that the conduct of deceased towards appellant for a considerable period of time had been overbearing, and that a few days before the homicide he in a conversation with appellant's wife relative to the impounded animal had used language of an insulting character which she had communicated to her husband, and that the killing occurred upon the first meeting after he had learned thereof. Appellant and his son testified that as they were going down the road in their wagon to work in their farm that deceased hailed them and after getting off his plow cursed appellant and made a demonstration which caused appellant to believe that he was about to draw a weapon, and that the killing occurred under these circumstances. The disposition we find necessary to make of the case renders a more detailed statement of the facts useless.

Complaint is made at the ruling of the court in admitting and excluding certain evidence. We find no merit in the bills bringing these matters forward for review and think the questions are not of such importance as to demand discussion at length.

Many objections were presented complaining of the charge on manslaughter. Examination of it reveals that the learned trial judge covered in such instructions every phase of manslaughter raised by the evidence and apparently guarded appellant's rights in all respects. Appellant and his son testified that at the time of the killing deceased called appellant a "G— d— bastard." The proposition that this expression was an insult to a female relative under our statute on manslaughter is untenable. The decisions are all against such contention. Barber v. State, 34 Tex. Cr. R. 129, 29 S. W. 776; Davis v. State, 57 Tex. Cr. R. 545, 124 S. W. 104; Trevino v. State, 72 Tex. Cr. R. 91, 161 S. W. 108; Ahearn v. State, 78 Tex. Cr. R. 151, 179 S. W. 1150. Many other authorities are collated under the second paragraph of Section 2010, Branch's Ann. Pen. Code, and in the notes under Art. 1133, Vernon's Penal Code.

A most serious question arises upon appellant's plea that the court committed error in declining to grant him a new trial upon the ground of newly discovered evidence. Appellant contends that at most he should have been convicted of no more than manslaughter because deceased had been guilty of insulting conduct towards appellant's wife, information of which had been conveyed to accused by the wife, and that the killing occurred upon the first meeting thereafter. The court gave a specific charge upon manslaughter under this phase of the case.

Appellant had found in his field and had impounded an animal belonging to deceased. Appellant's wife testified that on Friday morning between nine and ten o'clock while her husband was absent deceased came to her home to see about this animal; that he used denunciatory language towards the family generally and gave expression to language claimed to have been an insult to her; that she communicated this to her husband on Sunday. The killing occurred on Wednesday following. The state called as its last witness in rebuttal Luther Bryant, with whom deceased lived. This witness testified that on the Friday morning at the time fixed by appellant's wife as the occasion of the insult deceased was with witness and that they at that time pulled out of a bog a red cow which belonged to deceased; that witness was with deceased all day Friday until about dark; that no one was present when the animal was taken from the bog save witness and deceased.

Appellant urges as material newly discovered evidence upon the phase of the case just mentioned the testimony of T. N. Bryant, Jim Polston and Pierce Rogers. Polston lived in Falls County but on Thursday and Friday prior to the homicide was on a visit to Rogers in Bell County. By Polston's affidavit it is shown that on the Friday morning in question he and Rogers went to haul some water from the well on deceased's place, and were requested by T. N. Bryant to help him and deceased pull a cow out of a bog; that no one was present when this was done save witness (Polston), Rogers, T. N. Bryant, deceased, and a small boy. The affidavit of T. N. Bryant is to the same effect, and states positively that Luther Bryant was not present on Friday but that on Saturday morning he (T. N. Bryant) had helped Luther Bryant and deceased pull this same red cow out of the bog again at or near the same point where she was taken out on Friday morning. T. N. Bryant further made affidavit that after they got the cow out of the bog on Friday morning deceased left in his car between nine and ten o'clock going towards Holland which route would take him by appellant's house. The statement of Rogers is in substance the same as that of T. N. Bryant. Rogers' statement is not sworn to, but is witnessed by W. W. Hair and John C. Wilson. The explanation is made that Rogers would swear to the statement but that no notary public was present or available and that Hair declined to take the affidavit, being one of appellant's attorneys.

Counsel representing the state suggests that if the proposed evidence be newly discovered it is not of such character as would have justified granting a new trial because the issue was not whether deceased uttered the insulting words, but whether appellant had been informed by his wife that such language had been used. To adopt such suggestion would be manifestly unfair to accused. The evidence of Luther Bryant, if true, placed deceased where he could not have insulted appellant's wife as claimed by her, and the result of his evidence was to discredit her statement relative to the matter and was calculated to impress the jury that no such insult as claimed by her was offered, and that this phase of the defense was fabricated. If the jury accepted the statement of Luther Bryant and believed that no insult had been offered to the wife they would have given little credence to her story about communicating to her husband information about a matter which the jury believed had never occurred.

T. N. Bryant was present at the trial and the point is made that as to him at least diligence is wanting to bring his proposed testimony within the scope of newly discovered evidence. The general rule is as stated by Mr. Branch, Section 204, of his Ann. Pen. Code, to-wit: "Where the proposed witness was present at the trial defendant can not successfully set up as newly discovered testimony facts elicited after the trial which he should have discovered sooner."

But the mere fact that a witness was in attendance on the trial does not necessarily foreclose an inquiry as to whether facts subsequently found to have been within his knowledge were in truth as to accused newly discovered. Strickland v. State, 13 Tex. Cr. App. 371; Clark v. State, 29 Tex. Cr. App. 437, 16 S. W. 171; Johnson v. State, 51 Tex. Cr. R. 605, 103 S. W. 893; Black v. State, 160 S. W. 722. The true test is, could the existence of such evidence have been discovered sooner by the exercise of proper diligence? It appears from the testimony heard upon the motion that process had been issued by appellant for the witness Rogers. If served he was not shown to have been present at the trial. The existence of such a man as Polston does not seem to have been known to the attorneys until after the trial. Information had come to the attorneys that perhaps Rogers and T. N. Bryant had heard deceased make threats against appellant and it was upon that issue process had been secured for them. No such incident as testified to by Luther Bryant in which he located deceased at a place other than appellant's home at the time of the alleged insult was known to accused or any of his attorneys until the evidence from Bryant came into the case. If this witness had sworn that others were with deceased and witness when the incident of pulling the cow from the bog occurred then certainly it would have been required of appellant that inquiry be made of such other parties about the matter, if present at the trial; but Luther Bryant asserted that no one was present but himself and deceased. The first information reaching attorneys for ac-

cused that evidence existed contradictory of Luther Bryant's statement was when Rogers, after the trial, informed W. W. Hair that he (Rogers) had heard about Luther Bryant's evidence as to the whereabouts of deceased on the Friday morning before the killing, and then told said attorney the things which appear in the statements from Rogers, Polston and T. N. Bryant. Under the peculiar facts and the manner in which this incident came into the case right at its close we fail to discover any lack of diligence in ascertaining the existence of the new evidence. Its materiality seems obvious. If Luther Bryant's evidence was accepted by the jury as true the very foundation of appellant's manslaughter plea based on insults to his wife had collapsed. Upon this issue the new evidence was important and might upon another trial produce a different result.

The proposed evidence can not be classed as impeaching only. There is a clear distinction between testimony which could only impeach a witness who had testified on the trial, and evidence showing that such witness was mistaken about a matter material to the state's case. Heskew v. State, 14 Tex. Cr. App. 606; Estrada v. State, 29 Tex. Cr. R. 169, 15 S. W. 644; Johnson v. State, 51 Tex. Cr. R. 605, 103 S. W. 893. It may be that Luther Bryant was mistaken as to the day when he helped deceased pull the animal from the bog. Whether his testimony arose from a mistake or not, that it was upon a point material to the state's case can not be doubted, for by his evidence the state proposed to break down the defense upon a vital issue in the case.

Being of opinion that a new trial should have been granted for the reasons discussed the judgment is reversed and the cause remanded.

*Reversed and remanded.*

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—In the light of the motion for rehearing and the interesting oral argument in support thereof, we have re-examined the questions presented in the record and are constrained to conclude that the proper disposition of the case was made in the original opinion.

The fact that the written statement attached to the motion for new trial as to one of the witnesses whose testimony is relied upon is newly discovered is not, upon the present record, conclusive against the propriety of considering the testimony. It is shown without controversy that the statement was made by the witness, and the absence of affidavit is explained upon reasons which are deemed satisfactory. However, attached to the motion were the affidavits of two other witnesses, the testimony of whom, as pointed out in the original opinion, was such as to entitle the appellant to a new trial.

The State's motion for rehearing is overruled.

*Overruled.*