### SERAPIO GARCIA v. THE STATE.

No. 15098. Delivered June 22, 1932.
Reported in 51 S. W. (2d) 719.

The opinion states the case.

*Frank W. Martin,* of Goliad, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CALHOUN, Judge.—The offense, murder; the punishment, five years in the penitentiary.

The homicide occurred at a Mexican dance. The state's testimony showed that deceased was found dead, shot in the breast and groin. Both the appellant and deceased were young Mexican farmers living in the same neighborhood and knew each other slightly before the homicide. They had had a slight quarrel about two months prior to the homicide. The shooting occurred about 10 o'clock on Saturday night at the house of a man by the name of Nasalio Galienda. Appellant's defense was that of a killing in self-defense from an actual attack at the time. The evidence showed that when appellant arrived at the dance with his family and was going into the house, deceased told appellant he wanted to talk to him. The two walked away from the house, and within a short time several shots were heard, and appellant came back to the house hurriedly and told one of the witnesses that he had trouble with the deceased and had shot him. There were no eyewitnesses to the shooting. Appellant was arrested the next day.

The appellant testified that deceased called him and insisted on appellant going with him, and to avoid a row appellant followed the deceased from the house; that some distance from the house deceased cursed him and threatened to kill him and made an attack on him with a knife, cutting appellant's coat on the left breast and left arm; that the appellant retreated and shot the deceased in defense of his life while the deceased was continuing the attack with a knife upon him. By several witnesses, appellant proved that his general reputation as a quiet, peaceable and non-offensive man prior to the homicide was good. This was not controverted by the state.

A bill of exception is reserved to the receipt of the testimony of Mrs.

J. W. Wright, deputy sheriff, to the effect that on the next morning after the homicide, when she arrested ` the appellant, he stated to her that he had killed the deceased. The objection was because of the fact that appellant was under arrest. Ordinarily, receipt of improper testimony will not bring about a reversal when the same evidence from another source is before the jury without objection. The defendant took the stand and testified that he had killed the deceased. Therefore, this principle is applicable here. Rogers v. State, 26 Texas App., 404, 9 S. W., 762; Walker v. State, 17 Texas App., 16; Johnson v. State (Texas Crim. App.), 26 S. W., 504; McLaughlin v. State, 109 Texas Crim. Rep., 307, 4 S. W. (2d) 54; Upton v. State (Texas Crim. App.), 20 S. W. (2d) 794.

By proper bill of exception, appellant complains that the trial court committed error in declining to grant him a new trial on the grounds of newly discovered evidence. In his motion for new trial, appellant contends that such newly discovered evidence was unknown to him before the trial and his failure to discover it was not due to want of diligence and that its materiality was such that upon another trial it would bring about a different result. Attached to his motion for new trial were the affidavits of one Jesus Cano and Cano's wife, Rosa Cano. The substance of their affidavits was to the effect that they were present at the dance on the night of the homicide and at the time of the shooting; that they were in Galienda's house and heard the shots and rushed outside right after they heard them; that they met the appellant, and the appellant told the said Rosa Cano that they were trying to burn him up with a knife; that about that time Jesus Cano came up and his wife told him what appellant had said, and Jesus Cano told the appellant that he had better leave, and they went to Jesus Cano's house, which was about three miles from the place where the shooting took place, and when they went inside they saw two cuts in the coat which appellant was wearing and one of these cuts was in the cloth of the coat on the left breast about four inches long, and there was another cut about three inches long on the left sleeve of the coat about three inches above the end of the sleeve. They both saw the said cuts in said coat as soon as they got in the house and lit the lamp, and the cuts looked like knife wounds to them. They identified the coat which the sheriff had as being the same coat worn by the appellant that night, and they would have testified to said facts had they been present at the trial of the case. The affidavits further showed that the witnesses lived in Beeville, Bee county, Texas, but for the last twenty-one days had been picking cotton in Victoria, Texas, and had moved to Bee county, Texas, from Goliad county, Texas, in the month of December, 1930; that they were summoned by the state as witnesses in the case against the appellant. The affidavit of the said Jesus Cano showed that they had been summoned on September 16, 1931, and came to Goliad as

a witness on September 16, 1931, but the case was in the hands of the jury when they got to the courthouse. Appellant's affidavit in support of his motion for new trial was to the effect that he did not ascertain that the witnesses would testify that they had seen the cuts in said coat until after the jury had brought in their verdict finding him guilty.

These affidavits were uncontroverted by the state. The testimony of appellant that he was attacked by the deceased with a knife and two cuts placed in his coat by deceased, and that he then shot the deceased in self-defense, was unsupported by any other testimony. The main issue in the trial was whether the cuts were real or manufactured, the state contending that the cuts were made by the appellant with scissors and were manufactured. It appears from the record that the final argument in the case to the jury by the private prosecutor for the state was to the effect that the cuts in the coat were manufactured and no one saw the cuts and there was no testimony except the appellant's own to establish the attack. It appears from the record that the witnesses Jesus and Rosa Cano were witnesses subpoenaed by the state and the state announced ready for trial on the condition that such witnesses would appear in time to testify.

The evidence of Jesus and Rosa Cano, if true, tended strongly to corroborate the testimony of the appellant as to the cuts in his coat being made by the deceased in an attack upon the appellant and therefore would have been material evidence in the case and might upon another trial produce a different result. The mere fact that the appellant was with the witnesses after the homicide and went to their home with them does not necessarily in our opinion foreclose an inquiry as to whether facts subsequently found to have been within their knowledge were in truth as to the accused newly discovered. See Strickland v. State, 13 Texas App., 364; Clark v. State, 29 Texas App., 437, 16 S. W., 171; Barrett v. State, 98 Texas Crim. Rep., 627, 267 S. W., 511, 513. As said in the case of Barrett v. State, supra, "The true test is, could the existence of such evidence have been discovered sooner by the exercise of proper diligence?" We believe that under the facts of the case the evidence is newly discovered within the meaning of article 753, subdivision 6, C. C. P., and that the appellant has brought himself within the rule of diligence applicable to that article and that a new trial should have been granted appellant, and the failure to do so calls for a reversal of the case.

There is also complaint made of the misconduct of the jury. Complaint is also made of the argument of the special prosecutor representing the state. As this case has to be reversed on another issue and as the matters complained of are not likely to occur on another trial of the case, it will be unnecessary to discuss them.

Being of the opinion that a new trial should have been granted for the reason stated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.