COURT
OF APPEALS
SECOND
DISTRICT OF TEXAS
FORT WORTH
NO. 2-03-011-CR
 
ROGER NEAL BRIDGES           
           
           
           
           
        APPELLANT
V.
THE STATE OF TEXAS           
           
           
           
           
           
STATE
------------
FROM THE 78TH DISTRICT COURT OF WICHITA COUNTY
------------
MEMORANDUM OPINION(1)
------------
Appellant Roger Neal Bridges appeals from
his conviction for murder. Appellant pled not guilty. A jury found him guilty,
assessed his punishment at life imprisonment, and fined him $10,000. In his sole
point on appeal, Appellant contends that the trial court abused its discretion
in overruling his motion for new trial based on newly discovered evidence. We
affirm.
Appellant's ex-wife, Carmilla Anderson,
testified at trial that Appellant admitted to killing an individual.(2)
Additionally, two of Appellant's daughters made statements implicating him in
the murder of Field. At the hearing on the motion for new trial, Appellant
produced testimony from a woman who claimed that she heard Anderson state that
"she knew that [Appellant] did not kill the man, that she seen him run over
him with a car, that she seen the other man shoot him." The witness further
testified that she heard the two daughters state that they did not know what
happened. Trial counsel indicated that he became aware of this information while
the jury was deliberating Appellant's guilt.
A motion for new trial may be filed upon
the discovery of new and material evidence. Tex. Code Crim. Proc. Ann. art.
40.001 (Vernon Supp. 2003). The decision to grant or deny a motion for new trial
is left to the sound discretion of the trial court and in the absence of abuse
of discretion an appellate court should not reverse. Lewis v. State, 911
S.W.2d 1, 7 (Tex. Crim. App. 1995); State v. Gonzalez, 855 S.W.2d 692,
696 (Tex. Crim. App. 1993); In re R.V., Jr., 8 S.W.3d 692, 693 (Tex.
App.--Fort Worth 1999, pet. denied). Additionally, motions for new trial based
on newly discovered evidence are not favored by the courts and are viewed with
great caution. Drew v. State, 743 S.W.2d 207, 225 (Tex. Crim. App.
1987); In re R.V., 8 S.W.3d at 693.
A trial court does not abuse its
discretion in denying a new trial unless the record shows (1) the newly
discovered evidence was unknown or unavailable to the movant at time of trial,
(2) the movant's failure to discover or obtain the evidence was not due to lack
of diligence, (3) the new evidence is admissible and is not merely cumulative,
corroborative, collateral, or impeaching, and (4) the new evidence is probably
true and will probably bring about a different result on another trial. Eddlemon
v. State, 591 S.W.2d 847, 849 (Tex. Crim. App. 1979).
In this case, the evidence offered by
Davis was hearsay, and Appellant offers no explanation about why it was
admissible. See Tex. R. Evid. 801(a), 802. Appellant also acknowledges
that these are "impeaching statements." He argues, however, that
impeachment testimony that also shows a witness to have been mistaken upon a
material matter in the case will, if credible and newly discovered in spite of
due diligence, call for the granting of a motion for new trial. Jones v.
State, 711 S.W.2d 35, 37 n.5 (Tex. Crim. App. 1986). He argues that the
evidence here was not merely impeaching because it was likely to bring about a
different result if presented to the jury.
Appellant's reliance on Jones is
misplaced. In addition to being inadmissible hearsay, nothing in the proffered
new evidence shows that Anderson or her daughters were mistaken about whether
Appellant had committed the murder. "There is a clear distinction between
testimony which could only impeach a witness who had testified on the trial, and
evidence showing that such witness was mistaken about a matter material to the [S]tate's
case." Barrett v. State, 267 S.W. 511, 513 (Tex. Crim. App. 1924).
Further, we follow the Houston Court of Appeals, which has expressly rejected
Appellant's reasoning. See Durand v. State, 881 S.W.2d 569, 578 (Tex.
App.--Houston [1st Dist.] 1994), rev'd on other grounds, 958
S.W.2d 395 (Tex. Crim. App. 1996). Appellant's only argument is that the hearsay
evidence diminishes the credibility of Anderson's testimony, which is exactly
the purpose of impeachment evidence. The statements are, therefore, insufficient
to warrant a new trial. See Blackmon v. State, 926 S.W.2d 399, 403
(Tex. App.--Waco 1996, pet. ref'd) (holding that trial court did not abuse its
discretion in denying defendant's motion for new trial where newly discovered
evidence was merely impeaching hearsay evidence).
We hold that the trial court did not abuse
its discretion by denying Appellant's motion for new trial. We overrule
Appellant's sole point and affirm the trial court's judgment.
 
                                                                       
PER CURIAM
 
PANEL F: HOLMAN, J.; CAYCE, C.J.; and
WALKER, J.
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
DELIVERED: August 21, 2003

1. SeeTex. R. App. P. 47.4.
2. Appellant mistakenly thought Zacchaeus Field, the
person he had killed, was Tommy Gene Young.