BRIDGES V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-011-CR

ROGER NEAL BRIDGES APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 78TH DISTRICT COURT OF WICHITA COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Roger Neal Bridges appeals from his conviction for murder.  Appellant pled not guilty.  A jury found him guilty, assessed his punishment at life imprisonment, and fined him $10,000.  In his sole point on appeal, Appellant contends that the trial court abused its discretion in overruling his motion for new trial based on newly discovered evidence.  We affirm.

Appellant’s ex-wife, Carmilla Anderson, testified at trial that Appellant admitted to killing an individual.
(footnote: 2)  Additionally, two of Appellant’s daughters made statements implicating him in the murder of Field.  At the hearing on the motion for new trial, Appellant produced testimony from a woman who claimed that she heard Anderson state that “she knew that [Appellant] did not kill the man, that she seen him run over him with a car, that she seen the other man shoot him.”  The witness further testified that she heard the two daughters state that they did not know what happened.  Trial counsel indicated that he became aware of this information while the jury was deliberating Appellant’s guilt.

A motion for new trial may be filed upon the discovery of new and material evidence.  
Tex. Code Crim. Proc. Ann.
 art. 40.001 (Vernon Supp. 2003).  The decision to grant or deny a motion for new trial is left to the sound discretion of the trial court and in the absence of abuse of discretion an appellate court should not reverse.  
Lewis v. State, 
911 S.W.2d 1, 7 (Tex. Crim. App. 1995); 
State v. Gonzalez,
 855 S.W.2d 692, 696 (Tex. Crim. App. 1993); 
In re R.V., Jr., 
8 S.W.3d 692, 693 (Tex. App.—Fort Worth 1999, pet. denied).  Additionally, motions for new trial based on newly discovered evidence are not favored by the courts and are viewed with great caution.  
Drew v. State, 
743 S.W.2d 207, 225 (Tex. Crim. App. 1987); 
In re R.V., 
8 S.W.3d at 693.

A trial court does not abuse its discretion in denying a new trial unless the record shows (1) the newly discovered evidence was unknown or unavailable to the movant at time of trial, (2) the movant's failure to discover or obtain the evidence was not due to lack of diligence, (3) the new evidence is admissible and is not merely cumulative, corroborative, collateral, or impeaching, and (4) the new evidence is probably true and will probably bring about a different result on another trial.  
Eddlemon v. State, 
591 S.W.2d 847, 849 (Tex. Crim. App. 1979).

In this case, the evidence offered by Davis was hearsay, and Appellant offers no explanation about why it was admissible.  
See
 
Tex. R. Evid.
 801(a), 802.  Appellant also acknowledges that these are “impeaching statements.”  He argues, however, that impeachment testimony that also shows a witness to have been mistaken upon a material matter in the case will, if credible and newly discovered in spite of due diligence, call for the granting of a motion for new trial.  
Jones v. State,
 711 S.W.2d 35, 37 n.5 (Tex. Crim. App. 1986).  He argues that the evidence here was not merely impeaching because it was likely to bring about a different result if presented to the jury.

Appellant’s reliance on 
Jones
 is misplaced.  In addition to being inadmissible hearsay, nothing in the proffered new evidence shows that Anderson or her daughters were mistaken about whether Appellant had committed the murder.  
“There is a clear distinction between testimony which could only impeach a witness who had testified on the trial, and evidence showing that such witness was mistaken about a matter material to the [S]tate’s case.”  
Barrett v. State,
 267 S.W. 511, 513 (Tex. Crim. App. 1924).  
Further, we follow the Houston Court of Appeals, which has expressly rejected Appellant’s reasoning.  
See Durand v. State,
 881 S.W.2d 569, 578 (Tex. App.—Houston [1
st
 Dist.] 1994), 
rev’d on other grounds, 
958 S.W.2d 395 (Tex. Crim. App. 1996).  Appellant’s only argument is that the hearsay evidence diminishes the credibility of Anderson’s testimony, which is exactly the purpose of impeachment evidence.  The statements are, therefore, insufficient to warrant a new trial.  
See Blackmon v. State,
 926 S.W.2d 399, 403 (Tex. App.—Waco 1996, pet. ref’d) (holding that trial court did not abuse its discretion in denying defendant’s motion for new trial where newly discovered evidence was merely impeaching hearsay evidence).

We hold that the trial court did not abuse its discretion by denying Appellant’s motion for new trial.  We overrule Appellant’s sole point and affirm the trial court’s judgment.

PER CURIAM

PANEL F: HOLMAN, J.; CAYCE, C.J.; and WALKER, J.

DO NOT PUBLISH

Tex. R. App. P. 
47.2(b)

DELIVERED: August 21, 2003

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.

2:
Appellant mistakenly thought Zacchaeus Field, the person he had killed, was Tommy Gene Young.