Affirmed and Memorandum Opinion filed October 19, 2006








Affirmed and Memorandum Opinion filed October 19, 2006.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-05-00840-CR

____________

 

JOSEPH WAYNE JACKSON, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the County
Court at Law Number 3 & Probate Court

Brazoria  County, Texas

Trial Court Cause No. 138128

 



 

M E M O R A N D U M   O P I N I O N

A jury found appellant guilty of Class B misdemeanor
theft.  The court assessed punishment at 180 days in jail, probated for 24
months, and a fine of $250 plus court costs. Appellant raises two issues in his
appeal.  First, he claims that the evidence of the stolen motor=s value is
factually insufficient to support the verdict.  Second, he claims that the
trial court abused its discretion in denying his motion for new trial, because
the complainant gave false testimony regarding his employment history.  We
affirm.

 








Factual and Procedural Background

Appellant was convicted of misdemeanor theft for taking a
motor from his step-father=s home, which his stepfather had already
given to the complainant, Anthony Tucker.  At trial, the State elicited
testimony from Tucker regarding his employment.  Tucker made untrue statements
that he had worked as an aircraft inspector for the FAA for five years, when,
in fact, he did not work for the FAA at all.  Tucker was an aircraft inspector,
but was an independent contractor, not an employee of the FAA.  He was licensed
by the FAA to inspect aircraft, but had held that license for only ten days at
the time of trial.  

Tucker gave undisputed testimony that he was the rightful
owner of the motor, because Bill Holley had given it to him before Holley moved
to Oklahoma.  In fact, the appellant himself testified to that fact at trial. 
Tucker also testified regarding the value of the stolen motor.  He said that
the value of the motor was probably Aaround the
neighborhood of $400 to $500,@ and was at any rate more than $50,
despite being in need of minor repair.  This testimony was not challenged, nor
were alternative values offered by the defense. 

Analysis

 I.       The
Evidence Is Not Factually Insufficient to Support the Verdict

In this case the only evidence of the value of the motor
was testimony from the  complainant, Tucker.  Appellant argues that Tucker was
not qualified to testify to the value of the motor, because Tucker did not
purchase the motor, he did not have possession of the motor at any time, and
was not qualified as an expert.  As a result, appellant argues, the State=s evidence is
factually insufficient to prove the value of the stolen motor. 








In a factual-sufficiency review, we consider the evidence
in a neutral light and decide whether the jury was rationally justified in
finding guilt beyond a reasonable doubt.  Zuniga v. State, 144 S.W.3d
477, 484 (Tex. Crim. App. 2004).  The evidence may be insufficient in two ways:
(1) considered by itself, evidence supporting the verdict may be too weak to
find guilt beyond a reasonable doubt; or (2) evidence contrary to the verdict
may be strong enough to preclude a finding of guilt beyond a reasonable doubt. Id.
at 484B85.

The owner of property is competent to testify as to the
value of his own property.  Sullivan v. State, 701 S.W.2d 905, 908 (Tex.
Crim. App. 1986); Charles v. State, No. 14‑01‑00802‑CR,
2002 WL 1733672, at *5 (Tex. App.CHouston [14th
Dist.] July 25, 2002, pet. ref=d).  He need not be qualified as an
expert.  See Sullivan, 701 S.W.2d at 908.  When an owner
testifies, there is a presumption that he is testifying to an estimation of
market value.  Id. at 909.  Such testimony constitutes sufficient
evidence for the fact-finder to determine the value based upon the witness's
credibility.  Id.  To rebut
this presumption, it is not sufficient to merely impeach the witness's
credibility during cross-examination; rather, appellant must offer
controverting evidence as to the value of the property.  Id.

Here, Tucker was the rightful owner of the motor; the
former owner gave it to him.  Further, appellant cites no authority for his
proposition that the owner must have bought the property or be in possession of
it in order to testify to its value.  In this case, Tucker knew the specifics
of the property.  He knew that it was a Briggs and Stratton motor, formerly
part of a pressure washer.  He knew the horsepower rating, and even that the
crankshaft was in need of repair.  Thus, the owner clearly knew what he had,
and was competent to testify to its value in general and commonly understood
terms.  See id.  Tucker=s testimony was the only evidence of the
motor=s value, and was
not challenged by cross-examination or controverting evidence.  Viewing the evidence
in a neutral light, we find the jury was rationally justified in finding the
value of the motor proven beyond a reasonable doubt.  Issue number one is
overruled.

II.       Denial
of Motion for New Trial Was Not Error 








The trial court rejected appellant=s claim that
Tucker=s false testimony
regarding his employment history entitled appellant to a new trial.  We review
the denial of the motion for new trial under an abuse-of-discretion standard.  Salazar
v. State, 38 S.W.3d 141, 148 (Tex. Crim. App. 2001).  We do not substitute
our judgment, but only determine whether the trial court=s analysis was
arbitrary or unreasonable.  Id. 

Although the record does not reflect precisely when the
false statements were discovered, it appears on the record for the first time
when the judge announced his findings after the close of the guilt/innocence
phase, and after the jury was dismissed.  If we assume appellant did not know
about the false testimony until this point in the trial, it would mean that
appellant did not discover the new evidence until after the jury had been
excused.[1] 
Under these circumstances, the controlling law is that governing new trials
upon discovery of new evidence.[2] 









The Code of Criminal Procedure states that A[a] new trial
shall be granted an accused where material evidence favorable to the accused
has been discovered since trial.@  Tex. Code Crim. Proc. art. 40.001. 
Evidence is Amaterial@ if it meets a
four-part test: 1) the newly discovered evidence was unknown or unavailable to
the movant at the time of his trial; 2) the movant=s failure to
discover or obtain the evidence was not due to a lack of diligence; 3) the new
evidence is admissible and is not merely cumulative, corroborative, collateral,
or impeaching; and 4) the new evidence is probably true and will probably bring
about a different result on another trial.  Keeter v. State, 74 S.W.3d
31, 36B37 (Tex. Crim.
App. 2002);  Ho v. State, 171 S.W.3d 295, 306 (Tex. App.CHouston [14th
Dist.] 2005, pet. ref=d).            Under this standard, the
appellant did not meet the third prong of the materiality test.  The new
evidence fails the third prong because it has no value other than impeachment. 
While some impeachment testimony may rise to the level of materiality, there is
a clear distinction between testimony which could only impeach a witness who
had testified at trial, and evidence showing that such witness was mistaken
about a matter material to the State=s case.  Barrett
v. State, 98 Tex. Crim. 627, 267 S.W. 511, 513 (Tex. Crim. App. 1924). 
Here, the evidence of Tucker=s employment was not material to any issue
in the State=s case.  His employment was a collateral issue, and
showing that he made false statements in that regard would only impeach his
credibility.  Thus, the facts support the trial court=s conclusion that
the new evidence was not material, and the court below did not abuse its
discretion in denying the motion for new trial.             

Conclusion

Having overruled
both of appellant=s issues, we affirm the judgment of the
trial court.  

 

 

 

 

 

 

/s/      Wanda McKee Fowler

Justice

 

 

 

 

Judgment rendered and Memorandum Opinion
filed October 19, 2006.

Panel consists of Justices Fowler,
Edelman, and Frost.

Do Not Publish C Tex. R. App. P. 47.2(b).









[1]  Had appellant known about the false statements
during trial, and failed to raise the error, then it would be waived.  See
Tex. R. App. P. 33.1. 





[2]  Both appellant and the State assert that we should apply the four- part
test outlined in Ramirez v. State.  96 S.W.3d 386, 394B95 (Tex. App.CAustin 2002, pet. ref=d).  However, that test
incorporates a constitutional harmless error analysis.  Here, the error is
non-constitutional because the State=s use of false testimony was unknowing.  See Tex. R. App. P. 44.2;  Ex Parte
Adams, 768 S.W.2d 281, 292 (Tex. Crim. App. 1989); see also 42 George E. Dix & Robert O. Dawson, Texas
Practice: Criminal Practice and Procedure '22.55 (2d ed. 2001).  Therefore, we hold that the Ramirez
test does not apply.